## FRAZIER *v.* STATE.[*]

(Division B. April 5, 1926.)

[107 So. 674. No. 25548.]

1. CRIMINAL LAW. *Jury may convict on testimony of accomplice, who admits that he committed perjury on former hearing and would have testified to same facts on trial, had accused procured lawyer for him; he not having been convicted of perjury.*

   Where a person charged with crime is placed on trial, and the principal witness against him is an accomplice in the crime, and the accomplice testifies to the facts which, if believed, make out a case of guilt, and such testimony is corroborated by the possession of some of the articles stolen by the accused, the jury may convict, although the state's witness admits that he committed perjury on a former hearing and would have testified to the same facts on the trial had the accused procured a lawyer for him; the jury may convict if they believe the testimony of the accomplice; he not having been convicted of the crime of perjury.

2. CRIMINAL LAW. *Where, at beginning of trial, accused's counsel caused state's witness to be summoned for accused and requested private interview with him, but declined court's offer to permit conference in sheriff's hearing, and failed to renew request*

after state examined witness, and examination was full and complete, case will not be reversed for such reason.

Where, at the beginning of a trial, counsel for a defendant caused the state's witness to be summoned for the defendant, and requested an opportunity to have a private interview with such witness, and the court offers to permit him to confer with the witness in the hearing of the sheriff, and the attorney for the accused declines such offer, and fails to renew his request after the state has examined the witness, and where the examination shows a full and complete examination, the court will not reverse the case for this reason alone.

3. CRIMINAL LAW. *Accused and his attorney are entitled to confer with any witness deemed essential to defense out of hearing of other persons, but, if witness is convict in custody, must confer with him in jail or other place where he cannot escape.*

The defendant and his attorney are entitled to confer with any witness deemed essential for his defense, out of hearing of other persons, but, if the witness is a convict in custody, he must confer with the witness in the jail or other place where the convicted witness cannot escape.

*Corpus Juris-Cyc. References: Criminal Law, 16CJ, p. 695, n. 55; p. 696, n. 60; p. 847, n. 94; p. 848, n. 3.

APPEAL from circuit court of Adams county.
HON. R. L. CORBAN, Judge.
Mose Frazier was convicted of burglary, and he appeals. Affirmed.

*Ratcliff & Kennedy,* for appellant.

The court below exceeded its power and invaded the rights of appellant when his counsel was denied the right to confer with Ed Byrd before he was put on the stand. Byrd had pleaded guilty in this same case and appellant had *subpoena* issued for him as his witness. Conscious of his innocence, he believed that if the boy, Ed Byrd, could have been removed from certain influences which had him under control and be entirely unhampered by the presence of such persons, or of any officer, the boy would give information as to where the stolen articles were and thus exonerate him. He believed that, taken

away from these influences, he would divulge information that would clear up the situation. He believed, then and now, that the boy had disposed of this jewelry. At any rate, he had the right to interview this witness privately.

The court cannot inquire into the question as to whether or not an interview would develop anything to the benefit of the client and, indeed, it might not; but this does not destroy his right to interview the witness to ascertain whether he can or not. The question involved is not one of results which may be beneficial to the client *vel non,* but we hold it is the duty of counsel to make every honorable effort to prepare himself by interview with witnesses for the proper defense of his client. We claim that it was a serious invasion upon appellant's rights. This act of the court was a substitute invasion of the rights of the appellant.

*J. A. Lauderdale,* special assistant attorney-general, for the state.

A conviction in a felony case upon the unsupported and uncorroborated testimony of an accomplice is legal. *Fitzcock* v. *State,* 52 Miss. 923; *White* v. *State,* 52 Miss. 216; *Wilson* v. *State,* 71 Miss. 880.

Counsel for defendant were not permitted by the court to have a consultation with witness Byrd prior to the trial of this case, unless said consultation was in the presence of the sheriff or one of his deputies. At the time this motion was made, Byrd had entered a plea of guilty to burglary and was in the custody of the sheriff. Counsel for defense had no right to have a consultation with this witness. Section 26 of our state constitution guarantees to the defendant the right to be confronted by witnesses against him. In this case he was confronted by the witness Byrd who was a witness against him and the requirements of the constitution were fully met thereby, and he cannot now complain that he was not granted greater privileges than those granted to him by said section of the constitution. It also appears that if this ac-

tion was error, that it was harmless to the defendant. The defendant's attorneys did cross-examine this witness and the record shows conclusively that he would not have been benefited by a consultation with him.

ETHRIDGE, J., delivered the opinion of the court.

The appellant was convicted of burglary, and appeals.

It is insisted, first, that the evidence is insufficient to sustain a conviction. The principal witness testifying against appellant was Ed Byrd, his nephew, who was also indicted and plead guilty to the offense. Byrd testified that he burglarized the house and took the jewelry, but that he did so at the instance and suggestion of his uncle, appellant here; that his uncle was the cause of his breaking into the house and taking the jewelry; that his uncle showed him the house and instructed him how to enter it. In the preliminary trial, Byrd testified that his uncle had nothing to do with this burglary, and admitted so swearing in the trial in the present case. Byrd further stated that he had requested his uncle to procure an attorney to defend him (Byrd), that, if his uncle had done so, he would not have told of his connection with the crime, but that his uncle refused to procure an attorney for his defense, and that he thought his uncle's connection with the crime should be known. It was also shown in evidence that the appellant was in possession of some of the stolen jewelry. Appellant undertook to explain his possession of the stolen jewelry by saying he did not know it was stolen, and offered to show that he had worn the watch openly, and had not concealed either its possession or where he got it.

It is settled in this state that a person may be convicted on the uncorroborated testimony of an accomplice, but it is insisted that the rule ought not to apply here because the witness Byrd testified that he deliberately committed perjury on the preliminary trial, and that he would have perjured himself again if his uncle had obtained an attorney for his defense.

It is unnecessary now to decide whether this testimony, standing alone, would be sufficient, in view of the unworthiness of belief of the witness on account of his false swearing, and by reason of the fact that the appellant was in possession of part of the fruits of the crime, and that to that extent the testimony of Byrd is corroborated.

We think from the facts in evidence in this case that the credibility of Byrd as a witness was a question for the jury, and that the evidence was sufficient to sustain a conviction.

It is also assigned for error that the court erred in refusing to permit the attorneys for the appellant to confer with the witness Byrd prior to the time for his cross-examination. The record shows that the attorney for the appellant, at the beginning of the trial, before any of the state's evidence was placed before the jury, requested the court to permit him to confer with Byrd, who was jointly indicted with the defendant, and who had been summoned by the defendant as a witness in his behalf, and to have a conference with him prior to the time of his cross-examination. In reference to this, the court stated:

"It appearing that the witness is in the court and is a codefendant and has pleaded guilty to the same charge and was summoned as a witness for the first time this morning, the *subpoena* was asked for and granted and served yesterday evening, counsel will be permitted to confer with the witness in the presence of the sheriff, the man being a convict, or a regular deputy, at any time he desires. However, you cannot arrest the trial at this stage to confer with him, but will be permitted to confer with him before he cross-examines him, in the presence of the sheriff if he so desires."

Whereupon the defendant's counsel said:

"Defendant's counsel declines the gracious offer made by his honor to confer with his witness in the presence of an officer, and his counsel declines to be placed under

observations or under espial while he confers with the witness.''

Two or three witnesses were examined by the state, and then the witness Byrd was examined, but no request was made at the end of the examination in chief for a conference with the witness Byrd before proceding to cross-examine him.

Counsel for the defendant had a perfect right to confer with the witness Byrd, and to confer with him privately, out of the hearing of the officers, but he could only exercise this privilege where the witness, being a convict, was in the county jail or other place of confinement to secure against his escape. He did not renew his request at the close of the state's examination of the witness in chief, and proceeded to cross-examine the said witness, and from the record it appears that the examination of said witness was full and searching, and it is not shown that counsel did not have sufficient information as to what his witness would testify to, or that the witness testified to anything which it was afterwards discovered would have been different. Besides this, there was no exception taken to the ruling of the court at the time that the court ruled, nor is there any showing on the motion for a new trial that would tend to show that the result would have been different. It may be, so far as the record shows, that counsel afterwards did have a conference with Byrd. However, whether he did or not, we think that this alone would not be sufficient grounds for reversal in the absence of a showing of prejudice. There is no merit in the other assignments of error.

*Affirmed.*