47 So.2d 728 (1950)
BAKER
v.
STATE.
Supreme Court of Florida, Division B.
July 28, 1950.
Rehearing Denied September 11, 1950.
Oxford, Laird & Martin, Lakeland, for appellant.
Richard W. Ervin, Attorney General, George M. Powell, Assistant Attorney General, and Gunter Stephenson, County Solicitor, Polk County, Bartow, for appellee.
ADAMS, Chief Justice.
This appeal is from a conviction of the crime against nature. The only question is whether the trial court abused its discretion in refusing defendant's attorney permission to interview state witnesses in custody of the juvenile officer, a woman, except while in the presence of said officer.
The witnesses were girls from 13 to 15 years of age who had been a party to the crime and, for good reason, were in the custody of the juvenile officer.
This question has never been decided in this jurisdiction. Ordinarily a person charged with a crime, or his attorney, has a right to talk with persons having knowledge of matters bearing upon the case. It is not an absolute right, however, but in certain instances it is subject to a proper exercise of judicial discretion reposed in the trial judge. See 58 Am.Jur., page 26, Sec. 5; see notes, 124 A.L.R. 454, also Wigmore on Evidence, 3d Ed., Vol. VI, page 397. We also cite Mackie v. State, 138 Miss. 740, 103 So. 379, Frazier v. State, 142 Miss. 456, 107 So. 674.
Under the circumstances of this case we find no error committed in the ruling and the judgment is affirmed.
Affirmed.
CHAPMAN, SEBRING and HOBSON, JJ., concur.