414 P.2d 738

STATE of Arizona ex rel. Robert K. COR-
BIN, County Attorney for Mari-
copa County, Petitioner,

v.

SUPERIOR COURT of the State of Arizona,
IN AND FOR the COUNTY OF MARI-
COPA, C. Edwin Thurston, Judge of Su-
perior Court of the State of Arizona in and
for the County of Maricopa, Division 16,
John Jesseman Dickinson and R. Jay Al-
lison, real Parties in interest, Respondents.

No. 8732.

Supreme Court of Arizona,

En Banc.

May 19, 1966.

Robert K. Corbin, Maricopa County Atty.,
Robert A. Hertzberg, Deputy County Atty.,
for petitioner.

David C. Schutter, Lewis, Roca, Scoville,
Beauchamp & Linton, Phoenix, for re-
spondents.

McFARLAND, Justice:

Respondents, in their motion for rehearing, contend the facts as stated in our former opinion, Ariz., 413 P.2d 264 (filed April 14, 1966), were not correct in that we stated the arrests of the respondents, John Jesseman Dickinson and R. Jay Allison, were made with a warrant on the day following the alleged offense, and contend that:

" * * * In the instant case, the arrest was made without a warrant in the Tolleson precinct and A.R.S. Sec. 13–1418 was not complied with. The respondents were not taken before the nearest and most accessible magistrate in the county as required (which would have been the Tolleson magistrate, in whose precinct the crime allegedly occurred) but were, instead booked in the County jail and then released on bond. * * * "

The facts contained in this statement do not appear from the record forwarded to this court. The record indicates that an arrest was made upon a warrant. The petition for writ of prohibition filed by respondents in the Maricopa County Superior Court alleged:

"The Justice of the Peace of that precinct, Charles F. Coppock, issued a warrant for petitioners' arrest. The preliminary hearing on that complaint has been set before the Honorable Charles F. Coppock on the 22nd day of November, 1965 at 1:30 P.M."

Neither the county attorney in his original petition and memorandum filed in this court, nor the respondents in their reply and supporting memorandum, called to this court's attention an arrest made without a warrant.

The question submitted and determined by the lower court was that of the jurisdiction of the Justice of the Peace in the Northeast Precinct to hold a preliminary examination after a complaint was filed in Criminal Cause No. 9974, the alleged felony having occurred within the Tolleson justice precinct, Maricopa County.

As stated in our decision of April 14, 1966, a complaint may be filed before any magistrate for a public offense triable within the county. The only exception to this procedure is when an arrest is made without a warrant. A.R.S. § 13–1418 provides:

"An officer who has arrested a person without a warrant shall without unnecessary delay take the person arrested before the nearest *or most accessible magistrate* in the county in which the arrest occurs, and shall make before the magistrate a complaint, which shall set forth the facts showing the offense for which the person was arrested." (Emphasis supplied.)

Under this section, if an arrest was made in the Tolleson Precinct, it was the duty of the arresting officer to follow the procedure set forth in § 13–1418, and take defendants

**364**

"without unnecessary delay * * * before the nearest or most accessible magistrate in the county," and "make before the magistrate a complaint."

A justice of the peace, sitting as a committing magistrate (A.R.S. § 1–215, as amended), would have jurisdiction to proceed with the preliminary examinations, as stated in our previous decision. In the Phoenix precincts, the justice courts are so located that one might not be nearer or more accessible than another. However, it is alleged in the motion for rehearing that in the instant case the arrest was made without a warrant in the Tolleson Precinct.

We therefore modify our previous decision, and order that the lower court determine, first, whether the arrests were made without a warrant, and, if the arrests were made without a warrant, who the "nearest or most accessible" magistrate was at the time and place of arrest. In the event the court finds that the nearest and most accessible magistrate was not Charles F. Coppock, Justice of the Peace of the Northeast Precinct, Phoenix, it shall order that all of the proceedings be transferred to the one found by the court to have been the "nearest and most accessible magistrate."

STRUCKMEYER, C. J., BERNSTEIN, V. C. J., and UDALL and LOCKWOOD, JJ., concur.