419 P.2d 342

**STATE of Arizona, Appellee,**

v.

**Michael Angelo WISE, Appellant.**

**No. 1586.**

Supreme Court of Arizona.

In Banc.

Oct. 19, 1966.

Rehearing Denied Dec. 13, 1966.

**316**

Darrell F. Smith, Atty. Gen., Phoenix, William J. Schafer, III, Pima County Atty., Tucson, Norman E. Green, former Pima County Atty., John L. Augustine, Deputy County Atty., Tucson, for appellee.

Arthur W. Vance, Jr., Window Rock, for appellant.

LOCKWOOD, Justice.

The defendant, Michael Angelo Wise, was charged with violation of A.R.S. § 13–611, subsec. B, second degree rape, and was represented by court-appointed counsel at trial. The jury returned a verdict of guilty and the defendant was sentenced to life imprisonment on June 18, 1964. On November 4, 1964, this Court remanded to the trial court for the latter to receive testimony and determine whether the defendant's motion for a new trial should be granted on the basis of recanting testimony of a prime state witness. The trial court subsequently denied the motion for new trial and the appeal is now before us.

The relevant facts are substantially as follows: The defendant, assisting Auretha Tipton in the management of a small motel, moved into one of the apartments with Auretha Tipton and her daughter (aged 10), hereinafter referred to as the prosecutrix. The prosecutrix, having been found to be a credible witness, testified that on March 14, 1964 and on prior occasions the defendant had sexual intercourse with her. She further testified that her mother witnessed virtually all such acts including the act on March 14, 1964. The mother testified that she was a witness to the act on March 14, 1964, and that the defendant had been having intercourse with her daughter for a couple of months.

Subsequently, on the hearing for a motion for new trial Auretha Tipton testified that she had perjured herself at the trial and that the defendant did not have intercourse with her daughter on the date charged and that she did not witness any such acts.

The crime charged herein is one every right-minded person views with horror and aversion and it is for this very reason justice requires particular care that one charged with such a crime should not be convicted on insufficient or improper evidence. It has been recognized that "there is no class of prosecutions attended with so much danger, or which afford so ample an opportunity for the free play of malice and private vengeance." People v. Putnam, 20 Cal.2d 885, 891, 129 P.2d 367, 370 (1942). Therefore we have scrutinized the record to determine whether the defendant has had the benefit of every legal right in his defense.

Defendant complains that the failure of the court to appoint counsel at the preliminary hearing presents grounds for reversal. Defense counsel contends that through stringent cross-examination he might have found out something that would have helped him prepare the case. How-

ever defendant has failed to show that he was prejudicially affected by the absence of counsel at this stage, and our statement in State v. Smith, 99 Ariz. 106, 108, 407 P.2d 74, 75 (1965) is applicable here:

"Defendant contends that the court erred in not appointing counsel to represent him at his preliminary hearing. We have held that failure to assign counsel prior to a preliminary examination is not error, unless a defendant's position is prejudiced thereby. The purpose of a preliminary hearing is to determine whether the evidence is sufficient to find probable cause to hold a person to answer for the offense charged. State v. Gortarez, 98 Ariz. 160, 402 P.2d 992; State v. Schumacher, 97 Ariz. 354, 400 P. 2d 584; and State v. Peats, 97 Ariz. 133, 397 P.2d 631.

"The instant case shows no evidence wherein defendant's trial was prejudicially affected by the lack of counsel at his preliminary hearing. Therefore, this assignment of error is without merit."

 After the impaneling of the jury, defense counsel (who was appointed after the preliminary hearing) moved to dismiss on the grounds that the Juvenile Court denied him the opportunity to interview the prosecutrix, and thus defendant was denied a fair trial on this basis. It is the general rule that a defendant and his counsel have a right to talk with any witness having knowledge of matters which might be beneficial or detrimental to him, including persons in custody. However, permission to interview a witness in custody is subject to an application to the court, which may exercise its discretion. Wilson v. State, 93 Ga.App. 229, 91 S.E.2d 201 (1956); Byrnes v. United States, 327 F.2d 825 (9th Cir., 1964); State v. Papa, 32 R.I. 453, 80 A. 12 (1911); 23 C.J.S. Criminal Law § 958. It is only in exceptional circumstances that counsel should be barred from interviewing a witness in the custody of the state. Commonwealth v. Balliro, 349 Mass. 505, 209 N.E.2d 308 (1965); See also, Baker v. State, 47 So.2d 728 (Fla., 1950);

Annot. 124 A.L.R. 454. Moreover in this case defendant's counsel could have petitioned the court before the trial to remand for another preliminary hearing at which he would have had the right to require the prosecutrix to be present as a witness, and to cross-examine her. Failure to timely petition the trial court before the jury was impaneled constituted a waiver of this potential error.

Defendant also contends that he was denied a fair trial because his counsel was forced to go to trial improperly prepared to present the defense of alibi, since the State filed a supplemental Bill of Particulars some three days before the trial.

The State on April 22, 1964 in the original complaint charged the defendant with having intercourse with the prosecutrix on or about March 14, 1964. The State then on May 8, 1964, in response to defendant's request for a Bill of Particulars, filed a Bill of Particulars charging that the act occurred late March 13, 1964 or early March 14th. The defendant on June 6, 1964 filed a notice of intention to claim alibi as a defense. Subsequently, on June 8, 1964 the State filed an amended Bill of Particulars charging that the act occurred after 5:00 P.M. on March 14, 1964.

Defense counsel waited until the jury was impaneled on June 11th and then moved to dismiss on the above grounds. Defense counsel now claims that the trial judge should have been placed on notice and treated the motion to dismiss as a motion for a continuance.

 The purpose of the motion is to obtain a ruling or an order directing that some act be done in favor of the applicant, and it should call to the attention of the court the particular purpose sought to be achieved, so that the court be given an opportunity to rule on the matter. See, McClinton v. Rice, 76 Ariz. 358, 265 P.2d 425 (1953). Unfortunately, judges are not omniscient in determining what counsel might have meant. The trial judge here was not asked for a continuance, and if counsel desired a continuance, he should have petition-

ed the court, and the failure to so request constituted a waiver.

■ Defendant contends that the State failed to show evidence proving that the act charged happened "under circumstances not amounting to rape in the first degree." A.R.S. § 13–611, subsec. B. The identical argument was urged in State v. Jones, 95 Ariz. 230, 234, 388 P.2d 806, 808 (1964):

"Defendant urges that the elements of the crime of rape, second degree, were not proved. His argument is that the statute provides that second degree rape is committed when (a) there is an act of intercourse with a female not the wife of the perpetrator, (b) when the female is under the age of eighteen, and (c) under circumstances not amounting to rape in the first degree. He points out in first degree rape one of the elements is that the act is committed against the will of the female. Ergo, he says, if the elements of first degree rape are shown, a defendant cannot possibly be convicted of second degree, which precludes 'circumstances amounting to first degree rape.'

"While ingenious, we cannot agree with defendant's reasoning. Although the language of the statute is somewhat inept, it is obvious that the legislative intent was that not all of the elements of first degree rape need be present in that described as of the second degree, if the elements necessary i. e., (a) and (b) above, are present. There is no merit to this claim of defendant."

We affirm our position as expressed above.

■ The defendant contends that the Judge erred in not directing a mistrial when one of the jurors was permitted to ask the Judge a series of questions in front of the other jurors, thereby allegedly expressing an opinion of the state of evidence. Though the State has unfortunately not favored us with argument on this point, we find that the defendant's claim is completely without merit. Counsel did not object to the juror's questions, nor ask to strike such statements, nor did he ask for a mistrial. Thus, he cannot later on appeal assign this as error as a trial court must be given the opportunity to correct the asserted error before a court of appeals will listen to a plea that an injustice has been perpetrated. State v. Graham, 97 Ariz. 408, 401 P.2d 141 (1965).

■ Any comment which might have been impliedly expressed was certainly not prejudicial to the defendant. In fact, the juror expressed misgivings with regard to the prosecutrix's understanding of the oath. Thus, defendant could not have been prejudiced.

The defendant placed great emphasis in the failure of the trial court to grant a new trial due to the recanting testimony of the mother of the prosecutrix, Auretha Tipton. She was on parole on a bogus check conviction, at the time of the alleged incidents, and after the trial was resentenced to twelve to fourteen years for violation of parole. Thereafter she recanted her testimony at least as to the date of the offense.

■ We have recently expressed our view of recanting testimony in State v. Sims, 99 Ariz. 302, 310, 409 P.2d 17, 22 (1965), cert. denied, 384 U.S. 980, 86 S.Ct. 1880, 16 L.Ed.2d 691:

"The much quoted opinion of People v. Shilitano, 218 N.Y. 161, 112 N.E. 733, L.R.A.1916F, 1044, points out the inherent danger in a rule that the recantation by witness for the prosecution necessarily entitles a defendant to a new trial. Were this an arbitrary rule, the power to give a convicted defendant a new trial would rest not with the court but with the witnesses who testified against him. The New York Court commented that:

" 'There is no form of proof so unreliable as recanting testimony. In the popular mind it is often regarded as of great importance. Those experienced in the administration of the criminal law know well its untrustworthy character.' 218 N.Y. 161, at 170, 112 N.E. 733, at 736.

"Such recanting affidavits of the sort here involved have been characterized as

newly discovered perjury, not newly discovered evidence. Loucheim v. Strause, 49 Wis. 623, 6 N.W. 360.

"It should not be overlooked that Davis is serving a life sentence for his participation in the crime. He has little to lose by now assisting Sims to avoid the death penalty. This is not to say that a new trial may never be granted on recanted testimony. The credibility of the recanted evidence is a controlling factor which can best be made in the court that heard the original testimony. In the absence of an abuse of discretion, the trial court's decision on recanted testimony will not be disturbed on appeal. State v. Goff (Oct. 25, 1965), 99 Ariz. 79, 407 P.2d 55."

■ Auretha Tipton, though not a co-defendant, as was the case of the witness in State v. Sims, supra, might have felt she had nothing to lose in recanting her testimony. She had been sentenced to twelve to fourteen years for parole violation because of her admitted illicit treatment of her daughter. In fact, she remarked in the hearing on the defendant's motion for a new trial that a possible sentence for perjury "couldn't be much worse than the one I've got." Furthermore her testimony even in the recantation vacillated as to whether defendant ever had intercourse with the prosecutrix. No doubt the trial court who heard all of the evidence came to the conclusion that such recantation was only an attempt to save the defendant from the penitentiary.

Judgment affirmed.

STRUCKMEYER, C. J., BERNSTEIN, V. C. J., and UDALL and McFARLAND, JJ., concur.