419 P.2d 733

**STATE of Arizona, Appellee,**

v.

**James Roy SODERS and Earl Walter Henderson, Appellants.**

**No. 1645.**

Supreme Court of Arizona.

In Banc.

Nov. 3, 1966.

Darrell F. Smith, Atty. Gen., William J. Schafer, III, Pima County Atty., Norman E. Green, former Pima County Atty., Horton C. Weiss, Deputy Pima County Atty., for appellee.

Peter Chase Neumann, Tucson, for appellants.

STRUCKMEYER, Chief Justice.

Appellants were found guilty of kidnapping and robbery, by a jury in the Superior Court of Pima County. They were sentenced to a term of eight to ten years in the state prison for the robbery, and sentence was suspended on the kidnapping count. Their appeal has been submitted to us on the record for examination for fundamental error, as provided by A.R.S. § 13–1715. The facts are as follows:

One Kridelbaugh arrived home in his car at about 1:15 a. m. on March 31, 1965. As he opened the car door to get out, appellant Henderson appeared and ordered him to move over, stating that he had a knife stuck at his side. Henderson got behind the wheel, and about the same time appellant Soders got in the front seat from the other car door. Henderson drove off with Kridelbaugh between the appellants, and shortly thereafter picked up a colored prostitute and two Indian girls and drove to a lonely spot in the desert. On the way, Henderson smashed his fist into Kridelbaugh's nose. After the car was parked on the desert, Henderson ordered Kridelbaugh out of the car. Appellants then assaulted him, took his wallet and glasses and, when he ran away, drove off in his car. When the appellants were apprehended by the police, they were driving Kridelbaugh's car, his glasses were in the possession of Soders, and his wallet—with about $35.00 missing—was under the seat of the car. The license plate had been replaced with a plate stolen from another vehicle.

Henderson, testifying in his own behalf, claimed that much of what Kridelbaugh had related was false, but he admitted: that he drove the car; that he and Soders got out of it in the desert; that the latter watched him knock their victim down by a blow to the jaw, after which he said, "That is all we will do"; that they then went back to the car and, when they saw Kridelbaugh running away, he, Henderson, drove off with Soders and the girls and later changed the license plate.

We have examined the five volumes of the transcript and all of the minutes and orders of the trial court. Appellants were represented by counsel at the arraignment and at all subsequent proceedings. The only instruction requested by their counsel was given, and no objections were made to the other instructions that were given by the court.

■ Before the trial, defense counsel made a motion to remand to the justice court for a new preliminary hearing, on the ground that counsel was not furnished at appellants' request made at the time of the preliminary hearing. We have held that such a denial—in the absence of a showing of prejudice—is not error. State v. Schumacher, 97 Ariz. 354, 400 P.2d 584.

■ It is clear that the jury had sufficient evidence before it to arrive at a verdict of guilty against both defendants on both counts; and having searched the record and finding no fundamental error, the convictions are affirmed.

Affirmed.

BERNSTEIN, V. C. J., and UDALL, LOCKWOOD and McFARLAND, JJ., concur.