461 P.2d 712

**The STATE of Arizona, Appellee,**

**v.**

**Larry Whimper SCOTT, Appellant.**

**No. 2 CA–CR 179.**

Court of Appeals of Arizona.
Division 2.
Dec. 2, 1969.
Rehearing Denied Jan. 15, 1970.
Review Denied Feb. 24, 1970.

HATHAWAY, Judge.

The defendant, Larry Scott, was convicted of two counts of burglary, second degree, and appeals the judgments of conviction and sentences imposed thereon. The convictions are attacked on constitutional grounds: (1) The validity of a search warrant and (2) the denial of counsel at the defendant's preliminary hearing. The defendant was sentenced to 3 to 5 years on each count, the sentences to run consecutively. The sentences are challenged on the grounds that they are excessive and were based upon consideration of improper evidence.

The defendant moved to suppress evidence seized in a search of the premises where he resided. He contended in the trial court and here on appeal that the affidavit presented for issuance of a search warrant was not sufficient. The affidavit recited that the affiant had just, probable and reasonable cause to believe that there was in the possession of the defendant on certain described premises, certain described property. It further recited: "THAT YOUR AFFIANT is a detective for the Tucson Police Department and is investigating numerous burglaries. That an individual showed your affiant where different burglaries took place and told your affiant what was taken. This story checked out with police reports of various burglaries. This individual told your affiant the afore-described man's suit was taken from 245 E. 4th, which in fact is [sic] was on July 22, 1968 as per Tucson Police report number 458540 and said suit is now hanging in the bedroom of Larry W. Scott at 739½ N. 7th, Tucson, and was there very recently."

The defendant contends that the search warrant and underlying affidavit were constitutionally inadequate according to the standards set forth in Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964) and amplified in Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L. Ed.2d 637 (1969). Although reference is made in the briefs to "other corroborative

Gary K. Nelson, Atty. Gen., by Carl Waag, Phoenix, for appellee.

Clay G. Diamos, Tucson, for appellant.

evidence" presented to the magistrate, the record discloses that the trial court, in ruling on the defendant's motion to suppress, considered only the face of the affidavit. We therefore limit our consideration in a like fashion. Giordenello v. United States, 357 U.S. 480, 78 S.Ct. 1245, 2 L.Ed.2d 1503 (1958). *Aguilar*, supra, announces the principle that reviewing courts must insist that the magistrate perform his "neutral and detached" function and not serve merely as a rubber stamp for the police. Although recognizing that an affidavit may be based on hearsay information, the court stated:

"* * * the magistrate must be informed of some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were, and some of the underlying circumstances from which the officer concluded that the informant, whose identity need not be disclosed, [citation omitted] was 'credible' or his information 'reliable.' Otherwise, 'the inferences from the facts which lead to the complaint' will be drawn not 'by a neutral and detached magistrate,' as the Constitution requires, but instead, by a police officer 'engaged in the often competitive enterprise of ferreting out crime,' [citations omitted], or, as in this case, by an unidentified informant." 84 S.Ct. at 1514.

Thus we see that if the affidavit is based on hearsay the magistrate must be informed of underlying circumstances to support the affiant's conclusion that the property, subject of the search warrant, is where he claimed it to be and that the informant's report is reliable. We believe the affidavit herein involved met the 2-pronged test of *Aguilar* and provided a sufficient basis for a finding of probable cause. It clearly disclosed support for the informant's "reliability" and for the affiant's belief that the property was in the designated location. Compare State v. Flores, 447 P.2d 387 (Or.1968); State v. Ramirez, 447 P.2d 390 (Or.1968). There being a "substantial basis" for the magistrate's finding of probable cause, the de-

fendant's "illegal search and seizure" argument fails. State v. McMann, 3 Ariz.App. 111, 412 P.2d 286 (1966).

The defendant further contends that the denial of his request for appointment of counsel at his preliminary hearing was violative of his Sixth Amendment right to counsel and denied him equal protection of the laws as mandated by the Fourteenth Amendment of the United States Constitution. On September 12, 1968, the defendant was held to answer and on September 20, 1968, an information charging two counts of second degree burglary was filed. On September 24, 1968, he entered a plea of not guilty as to each count and was granted five days in which to file motions directed toward the information. A timely "Motion to Remand for Preliminary Hearing" was filed on the grounds that: (1) No transcript of testimony was made at the preliminary hearing, thus prejudicing the defendant's preparation of his defense; (2) lack of counsel at the preliminary hearing; and (3) loss of a "source of discovery".

■ It is true that a defendant has the right to have testimony at his preliminary hearing reduced to writing and a transcript filed in the case *if he requests it*. State v. Daniels, 96 Ariz. 375, 396 P.2d 4 (1964); Rule 28, Rules of Criminal Procedure, 17 A.R.S. However, as conceded by the defendant, no request was made by him. This lack of a reporter's transcript does not assume constitutional dimensions. State v. Moses, 101 Ariz. 426, 420 P.2d 560 (1966).

■ Although the trial court is vested with discretion to remand to the justice court for a new preliminary hearing, a showing of prejudice is a prerequisite to branding a denial of remand as error. State v. Soders, 101 Ariz. 376, 419 P.2d 733 (1966). The "prejudice" required to be shown is that defendant's trial was prejudicially affected by the lack of counsel at his preliminary hearing. State v. Smith, 99 Ariz. 106, 407 P.2d 74 (1965); State v. Wise, 101 Ariz. 315, 419 P.2d 342 (1966).

No such demonstration has been made here. Defendant's speculation that, had counsel been present at the preliminary hearing, he might have succeeded in obtaining a reduction of the charge, does not meet the requisite showing of prejudice.

We consider defendant's argument, raised for the first time on appeal, that denial of counsel at the preliminary hearing constituted denial of equal protection of the laws is equally without merit. He cites no authority for his position but argues that Maricopa County, which has implemented the legislation providing for a public defender, provides counsel to an indigent defendant at a preliminary hearing. Assuming arguendo that the Maricopa County practices are a fit subject of judicial notice, we cannot equate the non-appointment of counsel at every indigent defendant's preliminary examination in Pima County with the invidious discrimination denounced by the equal protection clause.

Actually, defendant's complaint is predicated on the loss of a "source of discovery". In Burke v. Superior Court In and For the County of Pima, 3 Ariz.App. 576, 416 P.2d 997 (1966) we held that a defendant prosecuted by indictment rather than information, was not denied equal protection of the laws because of lack of a preliminary hearing afforded to those prosecuted by information. Although presence of counsel at a preliminary hearing might serve to enlighten counsel as to the state's case, concededly a valuable defense tool, we defer to the many pronouncements of the Arizona Supreme Court that the sole object of a preliminary hearing is the determination of probable cause. State v. Smith, supra; State ex rel. Corbin v. Superior Court, 100 Ariz. 236, 413 P.2d 264, modified 100 Ariz. 362, 414 P.2d 738 (1966); State v. Wise, supra.

The defendant's final complaint is directed to the fact that the trial court imposed consecutive sentences in lieu of concurrent ones. He contends that the trial court considered improper criteria in imposing consecutive sentences in that he

included in his consideration certain alleged admissions of the defendant's accomplice, his brother, that they had committed numerous other burglaries with which they had not been charged.

The trial court's wide discretion to sentence a defendant is not subject to interference by an appellate court unless it is clearly demonstrated that the power has been abused. State v. Horton, 101 Ariz. 229, 418 P.2d 385 (1966); State v. Walker, 6 Ariz.App. 100, 430 P.2d 446 (1967). It is not inappropriate for the trial court to impose a punishment justified by the general character of both the offense and of the party convicted. State v. Killian, 91 Ariz. 140, 370 P.2d 287 (1962); State v. Benn, 101 Ariz. 252, 418 P.2d 589 (1966). It would appear that the major thrust of defendant's complaint about the sentences imposed is the fact that he was not apprised, prior to sentencing, of his brother's admissions. In Arizona, we have adopted a "middle position" as to a defendant's right to inspect a pre-sentence report, leaving it to the discretion of the trial court. State v. Nelson, 104 Ariz. 52, 448 P.2d 402 (1968). Our Supreme Court therein stated:

"And there is a middle ground in which the court may give defendant's lawyer some facts concerning prior crimes, in order that he might have an opportunity to rebut or explain them. * * * * * * [H]owever, if the information is such that the court, in its discretion, feels that the defendant should have the right to rebut or explain it the information should be revealed." 448 P.2d at 406.

Our examination of the transcript of sentencing reveals that the trial court informed the defendant of his brother's statements as to other burglaries. The defendant made no attempt to rebut them or deny them, although he was quite articulate in his discussion with the court concerning allowance for the time already spent in jail and concerning the remaining time to be served on another sentence. Nor is it even contended on ap-

peal that the brother's statements were untrue. We note that it was with extreme reluctance that the trial court imposed consecutive sentences but his apparent familiarity with the defendant's past conduct, apart from the brother's statements, would justify, in the interest of safeguarding society, a protracted incarceration. We therefore cannot say that he erred.

For the reasons herein stated, the judgments and sentences are affirmed.

CAMERON, J., and WILLIAM C. FREY, Judge of the Superior Court, concur.

NOTE: Judge HERBERT F. KRUCKER and Judge LAWRENCE HOWARD having requested that they be relieved from consideration of this matter, Judge JAMES DUKE CAMERON and Judge WILLIAM C. FREY were called to sit in their stead and participate in the determination of this decision.