583 P.2d 1373

**STATE of Arizona, Appellee,**

v.

**Ronnie Paul PIEDRA, Appellant.**

**No. 1 CA-CR 2996.**

Court of Appeals of Arizona,
Division 1,
Department A.

June 13, 1978.

Rehearing Denied July 25, 1978.

Review Denied Sept. 12, 1978.

54

Bruce E. Babbitt, Former Atty. Gen. by William J. Schafer, III, Chief Counsel, Criminal Division and Carol Benyi, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Garth V. Smith, Deputy Public Defender, Phoenix, for appellant.

## OPINION

HAIRE, Presiding Judge.

Appellant was convicted in the Maricopa County Superior Court of the crime of possession of a pistol by a felon, in violation of A.R.S. § 13–919. The issues presented to this Court on appeal are: (1) whether the justice of the peace who signed the com-

plaint had jurisdiction to issue the complaint against appellant; (2) whether the trial court should have excluded the testimony of the state's fingerprint expert; and (3) whether the court properly admitted a certified copy of a prior conviction which included a fingerprint sheet.

The facts which give rise to this appeal are as follows. On May 11, 1977, John R. Barclay, the Justice of the Peace of the Northwest Phoenix Precinct Justice Court acting for Ronald Johnson, Justice of the Peace for the South Phoenix Precinct Justice Court, issued a complaint charging appellant with the crime of possession of a pistol by a felon. The complaint bore the caption of the South Phoenix Justice Court, and the crime was alleged to have been committed in that precinct. The preliminary hearing was held on May 17, 1977, before Judge Ronald Johnson, the South Phoenix Precinct Justice of the Peace. Appellant filed a motion to dismiss, or, in the alternative, a motion for a new determination of probable cause claiming that Judge Barclay was without jurisdiction to issue the criminal complaint against him. The motion was denied, and appellant thereafter waived his right to a jury trial, and submitted his case to the court for trial.

During the course of the trial, the prosecutor announced that he intended to call a previously undisclosed witness for the purpose of taking the appellant's fingerprints and comparing them with fingerprints contained in prison records the prosecutor planned to introduce. Appellant objected, arguing strenuously that it had been his position in preparing for the trial that the state would have great difficulty in showing that the appellant had suffered a prior felony conviction without fingerprint evidence, and that he had prepared to defend the case based on his analysis of that difficulty. He urged that he was, therefore, surprised by virtue of the fact that the state had failed to disclose the fingerprint witness, and further, that he could not request a delay without violating the appellant's right to a speedy trial. He requested that the Court preclude the testimony. The trial court found that by not disclosing this

witness in timely fashion the state had failed to comply with Rule 15, Arizona Rules of Criminal Procedure, 17 A.R.S., and the court offered to take a recess in order to allow defense counsel to question the witness before she testified. The appellant declined the offer, stating that a recess would be inadequate, and moved for a mistrial. The motion for mistrial was denied, and the witness did fingerprint the appellant, compared the fingerprints to the prison record fingerprints, and made a positive identification of the appellant as a prior felon. The court thereafter found the appellant guilty and sentenced him to serve not less than 15 months nor more than 3½ years in the state prison. Appellant brought this appeal raising for our consideration the questions enumerated above.

We consider first appellant's contention that Justice of the Peace Barclay, a justice of the Northwest Phoenix Precinct, did not have jurisdiction to issue the complaint in this case because the complaint related to a felony which occurred in the South Phoenix precinct. In *State v. Superior Court*, 100 Ariz. 236, 413 P.2d 264, *modified on rehearing*, 100 Ariz. 362, 414 P.2d 738 (1966), the Arizona Supreme Court held that a justice of the peace sitting as a committing magistrate in his precinct was not limited to the holding of preliminary examinations relating to felonies committed within that precinct, but rather had county-wide jurisdiction for that purpose. Thereafter, the legislature amended A.R.S. § 22–301, by adding subsection 5, so as to limit the jurisdiction of the justice of the peace court, as follows:

"The justice of the peace courts shall have jurisdiction of the following offenses committed within their respective precincts in which such courts are established, subject only to the right to change of venue as provided by law:

\* \* \* \* \* \*

"5. Felonies, but only for the purpose of commencing action and conducting proceedings through preliminary examinations and to hold the defendant to an-

swer to the superior court or to discharge the defendant if it appears that there is not probable cause to believe the defendant guilty of an offense."

A.R.S. § 22–302 allows a change of venue to a different justice of the peace court as follows:

"If the justice of the peace of the precinct in which the crime is alleged to have been committed is absent therefrom, or for any reason is unable to act, the prosecution may be commenced in any adjoining precinct."

Applying the foregoing statutory provisions, appellant contends that inasmuch as the Northwest Phoenix Precinct does not adjoin the South Phoenix Precinct, Justice of the Peace Barclay has no jurisdiction to issue the complaint here involved. We disagree. First, it must be noted that, although signed by Justice of the Peace Barclay from the Northwest Phoenix Precinct, the complaint here involved issued from the South Phoenix Precinct, the very precinct in which the felony was alleged to have occurred. Thus, the precise question involved relates to the authority of a justice of the peace as a judicial officer to sit in a precinct other than that in which he was elected, for the purpose of considering matters relating to the issuance of complaints concerning felonies committed within that other precinct.

A.R.S. § 22–114 specifies the authority of a justice of the peace to act in such other precincts, and provides as follows:

"A. Each justice of the peace within a county may, in the absence, illness, inability to act or upon the request of the justice of the other precinct, preside in any other precinct within the county or in any precinct adjoining the precinct in which he was elected regardless of the county in which such adjoining precinct may be located.

"B. Each justice of the peace while in attendance in another precinct under the authority of this section may execute process, preside over the trial of cases, and otherwise perform all the duties of the justice of the other precinct and the expense of travel to perform such functions outside the precinct for which the justice of the peace is elected shall be a county charge to be paid by the county in which the justice of the peace renders the service.

"C. When two or more justice courts are located within the same city, the justice of one precinct may perform for and on behalf of the justice of the other precinct without being physically present within the precinct of the other justice of the peace, and in such cases no travel expense shall be paid."

It will be noted that under the circumstances described in subsection A, a justice of the peace is authorized to preside in any other precinct in the county, and provision is made in subsection B for reimbursement of the travel expenses incurred in performing justice of the peace functions in such other precincts. Under subsection C, when both of the justice of the peace precincts involved are located within the same city, the "visiting" justice of the peace may perform for and on behalf of the justice of the other precinct without being physically present in that precinct.[1] Subsection C thus furnishes direct authority for the issuance of the felony complaint here involved. Contrary to appellant's contentions, we find no conflict between the provisions of A.R.S. § 22–301 and A.R.S. § 22–114. Section 22–301 limits the jurisdiction of a justice precinct court *as a court.* On the other hand, § 22–114 does not concern itself with the jurisdictional limits of a specific precinct justice court, but rather, details the circumstances under which a justice of the peace, as a judicial officer, is authorized to sit and act in precinct courts other than that to which he has been elected.

---

1. We do not read subsection C as giving unlimited authority to a justice of the peace to act for and on behalf of a justice of another precinct located within the same city. Rather, the authority under subsection C is limited to the circumstances set forth in subsection A—"in the absence, illness, inability to act or upon the request of the justice of the other precinct."

The appellant argues next that the trial court erred in allowing the state to call the expert fingerprint witness and in refusing to declare a mistrial. It will be recalled that the trial court found that the state had violated the discovery provisions of Rule 15, Arizona Rules of Criminal Procedure, 17 A.R.S., and granted defendant a recess for purposes of questioning the witness. The appellant cites *State v. Von Reeden*, 9 Ariz. App. 190, 450 P.2d 702 (1969), in support of his proposition that a mistrial should have been declared. While *Von Reeden* at first glance appears similar to the facts of the case at hand, it is distinguishable. First, *Von Reeden* involved a prosecution of 11 counts of grand theft by embezzlement, and the 11 counts on the indictment were identically worded. The defendant's request therein for a bill of particulars for the purpose of distinguishing each of the 11 counts was denied. Therefore, the defendant was effectively denied any discovery whatsoever. Moreover, the state therein failed to disclose its plan to have a crucial witness testify. In ruling that the trial court had abused its discretion, the *Von Reeden* court explained that although the incidents standing alone might not have required reversal, the cumulative effect of the failure of disclosure "significantly hampered defendant in the preparation of his defense, and deprived him of a fair trial." 9 Ariz.App. at 193, 450 P.2d at 705.

■ Rule 15.7 of the Arizona Rules of Criminal Procedure 17 A.R.S., authorizes the trial court to impose whatever sanctions it believes are appropriate for a violation of the discovery provisions of Rule 15. The selection and imposition of sanctions are within the sound discretion of the trial judge and will not be reversed on appeal unless there is a clear showing of abuse of discretion. *State v. Lippard*, 26 Ariz.App. 417, 549 P.2d 197 (1976). The rule in Arizona is that it is frequently not an abuse of discretion for the trial court to permit a previously undisclosed witness to testify if the court believes that no prejudice will result to the accused, or that any prejudice which otherwise might result may be rectified by other means. *See State v. Kevil*, 111 Ariz. 240, 527 P.2d 285 (1974).

■ In the instant case, there were two issues to be tried. The first issue was whether the appellant was in possession of a pistol, and the second issue was whether he was a felon. Relating to the second issue, appellant knew that his identity as a felon would be part of the state's case, and further that the state would introduce evidence of the prior conviction containing a fingerprint sheet. It is logical to conclude that the appellant could easily have foreseen that the state would utilize a fingerprint expert in order to identify him as a prior felon. Moreover, after the court ruled that the witness could testify, it specifically stated:

> "If subsequently you desire to obtain witnesses to in any way controvert the expert witnesses, I would be more than willing to reconsider, should the Defendant be convicted, a Motion for New Trial or to reopen the case. . . ."

The court further gave the appellant an opportunity to have his own experts look at the fingerprint sheet, but he apparently did not avail himself of that opportunity. Under these circumstances, we find that the trial court did not abuse its discretion in allowing the fingerprint witness to testify.

■ Appellant's final argument is that the trial court erred in admitting the state's Exhibit 2 into evidence. The exhibit was a certified copy of a prior conviction including a fingerprint sheet that was maintained by the records keeper at the Arizona State Prison. The trial court admitted the exhibit pursuant to the authority of Rule 44, Arizona Rules of Civil Procedure, 16 A.R.S., as a record which was required to be kept by a public officer. The appellant objected to the admission of the document on three grounds: (1) it contained records which were not required to be kept by a public officer; (2) its use by the prosecution violated the confidentiality provision of A.R.S. § 31–221 C; and (3) the exhibit was not properly certified in accordance with Rule 44.

As to appellant's claim that the statute does not require the Department of Correc-

tions to maintain fingerprint files, we note that A.R.S. § 31–221 A(8) specifically requires the Department of Corrections to maintain a "master record file" containing "pertinent data concerning the person's background, conduct, associations and life history as may be required by the department with a view to his reformation and to the protection of society." We read the statute as a general statute authorizing the Department of Corrections to maintain such records as it believes are necessary to satisfy the purposes of the statute. Certainly includable as pertinent data for purposes of the protection of society would be a fingerprint card for the purpose of providing definite identification of the person involved.

As to appellant's second contention that the use of the fingerprint card violated the confidentiality requirements of A.R.S. § 31–221 C, the statute reads that "personnel of other correctional or law enforcement agencies may have access to files under rules and regulations of the department." It is clear under that provision, then, that departmental fingerprint experts and courts of law may have access to the files of the department for purposes of identifying criminals who have been previously committed to the department. We believe that the legislature intended in drafting Section C of the statute to provide courts and law enforcement agencies with an efficient means of identifying and prosecuting habitual criminals for parole violations, for having committed prior felonies, and for offenses such as the instant offense which are criminal because the defendant has a prior felony record.

Finally, the appellant contends that the exhibit was improperly certified in that Judge McBryde of Pinal County certified that Mark Wadsworth was the records keeper at the Arizona State Prison. The appellant maintains that Judge McBryde had no way of knowing whether Mark Wadsworth was the records officer of the prison. However, Rule 44(g)(1), Arizona Rules of Civil Procedure, 16 A.R.S., states that an official record may be evidenced: "by a copy attested by the officer having the legal custody of the record, or by his deputy, and accompanied by a certificate that such officer has the custody. The certificate may be made by a judge of a court of record of the district or political subdivision in which the record is kept . . . ."

The prison's record clerk is the official with the duty of maintaining the records required by A.R.S. § 31–221. The exhibit was attested by Mark Wadsworth, the records officer, as being copies of records of the appellant. Clearly, Judge McBryde's attestation that Wadsworth was the records officer of the prison is authorized by Rule 44(g)(1). Further, the Clerk of the Superior Court certified that Judge McBryde is a judge of the county in which the records were kept. Accordingly, the requirements of Civil Rule 44(g) were satisfied in the instant case.

For the foregoing reasons, the judgment and sentence are affirmed.

FROEB, C. J., and NELSON, J., concur.