613 P.2d 839
**The STATE of Arizona, Appellee,**

v.

**Ronnie TAMPLIN, Appellant.**

**No. 2 CA–CR 1686.**

Court of Appeals of Arizona, Division 2.

May 13, 1980.
Rehearing Denied June 19, 1980.
Review Denied July 8, 1980.

Robert K. Corbin, Atty. Gen., by William J. Schafer III and David R. Cole, Asst. Attys. Gen., Phoenix, for appellee.

Jeffrey W. Hanes, Tucson, for appellant.

## OPINION

HATHAWAY, Chief Judge.

After a second jury trial, defendant was convicted of assault with a deadly weapon and the allegation of a prior conviction was found to be true. He was sentenced to 10 to 15 years in the Arizona State Prison.

Defendant contends that the trial court erred in finding that he had waived his right to be present for the selection of the jury for the second trial and in proceeding in his absence. We disagree. Like any number of constitutional rights, the right of the defendant to. be present at every critical stage of his trial can be waived. *State v. Bohn*, 116 Ariz. 500, 570 P.2d 187 (1977). The court had stated in defendant's presence that the proceedings were to resume. His trial counsel agreed that he thought defendant knew when he was to be back in court. The court may infer that his absence was voluntary under the circumstances. 17 A.R.S., Rules of Criminal Procedure, rule 9.1. The conditions of the release order specifically warned defendant that if he did not appear at the time set by the court for proceedings, they would begin without him. Such warning was held to be sufficient in *State v. Bohn*, supra.

Edmund Hicks was shown as an alibi witness by way of a supplemental disclosure. Defendant's trial counsel moved in limine with respect to the state's cross-examination of Hicks asking that the state be precluded from inquiring into the fact that Hicks was under psychiatric care. Counsel renewed the motion when Hicks was called to testify. The following colloquy between the trial court and counsel ensued:

> "THE COURT: Is it the kind of psychological problem that would affect his memory?
>
> MR. REES: Your Honor, not being a psychologist, I really don't know. Mr. Hicks explains to me that he has a problem socializing and he, at least from what I have talked with him, has a problem in that when he talks he tends to stutter, tends to be very shy, backwards, introverted into himself.
>
> My gut feeling, your Honor, is this is a psychological problem with an inability to socialize within a community as opposed to an inability to remember or forget."

The trial court ruled that the state was precluded from inquiring into the matter beyond asking the witness if he had a problem with his memory.

Hicks' testimony surprised defense counsel who believed it was different from what he had previously stated. Defense counsel decided he wished to call the psychiatrist, to whom he had previously objected, for impeachment purposes. He told the trial court the doctor "would relate the problem of instability within Mr. Hicks' mind and would relate that he had been undergoing psychiatric care since his arrival here in Tucson from Show Low." The trial court rejected the offer of proof because the doctor was not timely disclosed as a witness. Regardless of the correctness of the reason for the judge's ruling, he nevertheless did not err since the offer of proof failed to show the relevancy of the doctor's testimony. The mere fact that a person is being treated by a psychiatrist does not mean that he is unable to perceive, remember or relate events or has difficulty in doing so. Nor was the phrase "instability within Mr. Hicks' mind" further defined in such a manner as to show its value for impeachment purposes.

Defendant contends that the trial court erred in permitting the state, without a written request pursuant to 17 A.R.S., Rules of Criminal Procedure, rule 15.2(c), to take his fingerprints for the purpose of proving the prior conviction. We find no merit in this contention. Rule 15.2 affords the prosecution a procedure for pretrial discovery. The instant case does not deal with pretrial discovery, but with the admission of identification evidence at trial. The procedure provided for by Rule 15.2 is inapplicable. Defendant's identity was in issue and, since his fingerprints had probative value for that purpose, they were admissible. Cf., *State v. Francis*, 91 Ariz. 219, 371 P.2d 97 (1962). See *State v. Forteson*, 8 Ariz.App. 468, 447 P.2d 560 (1968), and *State v. Norgard*, 6 Ariz.App. 36, 429 P.2d 670 (1967). Also see, *State v. Piedra*, 120 Ariz. 53, 583 P.2d 1373 (App.1978), where a fingerprint expert was not disclosed.

Defendant challenges the trial court's granting the state's motion in limine

with respect to testimony by the state's witness concerning the distance from the shotgun to the wall at the time it was fired. The determination as to whether expert testimony is appropriate in that particular area is within the discretion of the trial court. *State v. Knapp*, 114 Ariz. 531, 562 P.2d 704 (1977). Deputy Ybarra was employed by the Pima County Sheriff's Office as an identification technician. The trial court ruled that it would not allow Mr. Ybarra to specify how far from the wall the gun would have had to have been fired to cause a particular spread pattern, but that his testimony would be permitted regarding the relationship between distance and the spread pattern. Mr. Ybarra had testified at the first trial that he did not want to commit himself to a particular distance based on the physical evidence at the scene. He stated that he was not an expert on the subject. The trial court acted well within its discretion in limiting his testimony in view of his lack of qualifications to testify in the given area. See *State v. Seebold*, 111 Ariz. 423, 531 P.2d 1130 (1975).

■ Finally, defendant contends that the trial court erred in denying his petition for post-conviction relief which asserted that he had been denied effective assistance of counsel. Whether we apply the standard that the representation amounted to a farce, sham or mockery of justice. *State v. Hall*, 118 Ariz. 460, 577 P.2d 1079 (1978), or that a defendant is entitled to reasonably competent and effective representation, *Cooper v. Fitzharris*, 586 F.2d 1325 (9th Cir. 1978), we find no basis for this contention. The petition for post-conviction relief questioned trial counsel's failure to object in certain instances, questioned his experience and his failure to call a witness, characterized by him as his chief alibi witness at one stage, and challenged his handling of the witness Hicks that we have previously dealt with. Many of these matters go to counsel's trial tactics. The record would indicate that reasonably effective representation was rendered and we are unable to find any basis for reversal on this point.

Affirmed.

HOWARD and RICHMOND, JJ., concur.