652 P.2d 1045
**STATE of Arizona, Appellee,**

v.

**Frank Nunez GARCIA, aka Frank Nunez Contreras, Appellant.**

No. 5385.

Supreme Court of Arizona,
En Banc.

Oct. 5, 1982.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, and Clifford C. Wamacks, Asst. Attys. Gen., Phoenix, for appellee.

James Kemper, Phoenix, for appellant.

HAYS, Justice.

Following a jury trial, appellant Frank Nunez Garcia was convicted of first degree murder and sentenced to life imprisonment without possibility of parole for 25 years. Taking jurisdiction pursuant to A.R.S. § 13–4031, we affirm the judgment of conviction and the sentence.

Garcia was convicted of the murder of Ernest Sanchez. Near midnight on June 7, 1981, Sanchez, somewhat inebriated, was walking to a friend's home after a Phoenix police officer had told him not to drive his car. En route he was struck repeatedly on the head with a piece of iron water pipe. Sanchez was found by the same officer in a park in the vicinity of 18th Street and Van Buren and taken to Maricopa County Hospital where he died a few hours later. Money which the officer had earlier seen in Sanchez's wallet was gone.

The questions we consider are:

1. Did the trial judge err in issuing a bench warrant to compel Steve Henderson's testimony at Garcia's trial?

2. Did the trial judge abuse his discretion in ordering appellant to be fingerprinted during the trial?

3. Was appellant's trial counsel ineffective?

4. Was it reversible error to admit allegedly hearsay evidence over defense counsel's objection?

■ Appellant claims the trial court erred and prejudiced him by allowing the state to produce its chief witness in court by means of a bench warrant. He argues the procedure used was illegal and its disturbing effect on the witness, a 15-year-old boy, makes the boy's truthfulness suspect.

We see no merit in this position and appellant cites no authority in support of it. We note that the record indicates that a bench warrant issued but was never executed. It appears to us that the procedure used by the state was completely appropriate. A.R.S. § 12–2211(B) authorizes the issuance of an arrest warrant for a witness who, summoned, fails to appear. It is a long-standing principle that it is essential that courts be able to compel the appearance and testimony of witnesses. *Shillitani*

*v. United States,* 384 U.S. 364, 86 S.Ct. 1531, 16 L.Ed.2d 622 (1966). Even assuming an impropriety in the procedure, we do not see how appellant has standing to raise the question here. If any liberty rights were violated, they were those of Steve Henderson, the prosecution witness, not those of Frank Garcia.

Garcia says Steve Henderson's compelled presence prejudiced him because the circumstances surrounding his testimony might have impugned Henderson's credibility. The credibility of the witness was for the jury to decide and their determination will not normally be disturbed on appeal. *State v. Pike,* 113 Ariz. 511, 557 P.2d 1068 (1976). There was no error in the production and presentation of Steve Henderson's testimony.

■ Appellant urges that the trial judge erred in granting the state's oral motion to order appellant to give fingerprint exemplars during the trial. He cites 17 A.R.S. Rules of Criminal Procedure, rule 15.2(a)(3), and *State v. Asbury,* 124 Ariz. 170, 602 P.2d 838 (App.1979), as requiring the state to make a written request for the fingerprints. These authorities concern pretrial discovery and are not applicable here. The fingerprints were sought as identification evidence at the trial, had probative value for that purpose and were, therefore, admissible. *State v. Tamplin,* 126 Ariz. 175, 613 P.2d 839 (App.1980).

The order compelling the fingerprints was not error.

■ Garcia contends he was not given effective assistance of counsel. In Arizona we judge counsel's performance by determining whether it was so ineffective that the proceedings were reduced to a farce, sham or mockery of justice. *State v. Williams,* 122 Ariz. 146, 593 P.2d 896 (1979). We have adhered to this standard despite the urging of some that we adopt the "reasonably effective assistance of counsel" test, *see Williams, supra,* but here, judging by either standard, we do not find ineffective assistance of counsel.

Garcia cites two shortcomings of his trial lawyer's performance. First, he asserts that the lawyer's cross-examination of Steve Henderson, the state's chief witness, resulted in an in-court identification of defendant as the killer. The prosecutor, on direct examination, had attempted to elicit the identification from Steve, but Steve seemed nervous and would not identify Garcia. On cross-examination, Garcia's attorney apparently thought there was a good chance Steve would say Garcia was not the killer. This did not happen, though, and on redirect, the prosecutor finally convinced Steve to say it was Garcia. Steve said he had hesitated since Garcia looked different because his hair had grown.

The pipe found at the crime scene bore fingerprints matching Garcia's. This evidence was already before the jury, so counsel could legitimately have decided there was little advantage to be lost and potentially great advantage to be gained in attempting to have Steve disavow recognition of Garcia.

Second, trial counsel did not move to strike the testimony of another state's witness for lack of foundation. Steve Henderson's friend, Billy Thompson, testified he also had seen Garcia commit the murder, but he later admitted that, while he had seen the incident, he had been too far away to see who killed Sanchez. Billy said Steve had told him it was Garcia. By not moving to strike Billy's testimony, defense counsel may have hoped to avoid drawing the jury's attention closer to it. He may also have wanted to be able to argue in closing that the jury should discredit Billy's testimony since he could not see who the killer was. In any event, this also was a tactical move which could arguably have had good results.

The failures appellant assigns to counsel are both decisions of a tactical nature. Tactical decisions, be they mistakes or not, are not evidence of incompetency. *State v. Farni,* 112 Ariz. 132, 539 P.2d 889 (1975).

In every other respect, counsel's representation was adequate and competent. He effectively cross-examined, made successful objections and presented a convincing closing argument.

There was no ineffective assistance of counsel.

Appellant contends his conviction must be reversed because hearsay testimony was erroneously admitted over his objection. The testimony appellant complains of was elicited by the state on redirect examination of Phoenix police officer Klettinger. Officer Klettinger had participated in investigation of Sanchez's killing and had received a telephone call concerning the crime through the police department's Silent Witness program. This call provided information making Garcia a suspect.

On direct examination of Officer Klettinger, the prosecutor asked if information concerning Sanchez's death had been received through "Silent Witness." When Klettinger answered affirmatively, defense counsel asked for a bench conference. The conference took place, but was not recorded. Following the conference, defense counsel cross-examined, developing the subject of the "Silent Witness" call. His questions brought out much of the information identifying Garcia as the murderer and also brought out the identity of the caller. On redirect, however, when the prosecutor asked Klettinger to state the exact words spoken by the caller, defense counsel objected that it would be hearsay. The court overruled the objection and the testimony was admitted.

Defense counsel apparently had a tactical motive in bringing out the testimony about the "Silent Witness" caller. He had introduced the subject earlier in the trial in cross-examination of another detective, Officer Ontiveros. During that questioning, when the prosecutor objected that it was irrelevant, defense counsel explained the examination was foundation for further questioning. While he did not say so at the time, his later questions indicate he had intended to discredit the "Silent Witness" information by showing it was given in return for a monetary reward.

Objections to admission of testimony may be waived, either by failure to

assert them or by conduct implying waiver. Where the whole field of examination is opened by defense counsel, he opens the door to further inquiry and may not assign its fruits as error on appeal. *State v. Arriola,* 99 Ariz. 332, 409 P.2d 37 (1965). Here, defense counsel's conduct in extensively developing the subject of information obtained from the "Silent Witness" caller opened the door for the caller's exact statement to come in. He thus waived objection to the admissibility of the statement. There was no error in admitting the alleged hearsay testimony.

In accordance with A.R.S. § 13–4035, we have reviewed the record for fundamental error and have found none. The judgment of conviction and the sentence are affirmed.

HOLOHAN, C.J., GORDON, V.C.J., and CAMERON and FELDMAN, JJ., concur.