UNITED STATES ex rel.
Carl G. GERCHMAN

v.

James F. MARONEY, Superintendent State Correctional Institution, Pittsburgh, Pennsylvania.

Civ. A. No. 64–787.

United States District Court
W. D. Pennsylvania.

Nov. 24, 1964.

Hymen Schlesinger, M. Y. Steinberg, Pittsburgh, Pa., for plaintiff.

Robert J. Masters, Dist. Atty., Beaver, Pa., for defendant.

GOURLEY, Chief Judge.

In this state habeas corpus' proceeding, petitioner attacks the constitutionality of a Pennsylvania statute known as the Barr-Walker Act, 1951, P.L. 1851, 19 Pa.P.S. § 1166 et seq.

**"§ 1166. Indeterminate sentence for certain sex offenses**

"For the better administration of justice and the more efficient punishment, treatment and rehabilitation of persons convicted of the crime of indecent assault, incest, assault with intent to commit sodomy, solicitation to commit sodomy, sodomy, assault with intent to ravish or rape, if the court is of the opinion that any such person, if at large, constitutes a threat of bodily harm to members of the public, or is an habitual offender and mentally ill, the court, in lieu of the sentence now provided by law, for each such crime, may sentence such person to a State institution for an indeterminate term having a minimum of one day and a maximum of his natural life.

**"§ 1167. Psychiatric examination of person convicted**

"No person, convicted of a crime punishable in the discretion of the court, under the provisions of this act, with imprisonment in a State institution for an indeterminate term having a minimum of one day and a maximum of his natural life, shall be so sentenced until (1) a complete psychiatric examination shall have been made of him through the facilities of the Department of Welfare, as hereinafter provided, or by a psychiatrist designated by the court, the results of whose examination shall be transmitted to and accepted by the Department of Welfare in lieu of an examination made through its own facilities, and (2) a complete written report thereof shall have been submitted to the court. Such report shall include all facts and findings necessary to assist the court in determining wheth-er it shall impose sentence under the provisions of this act upon the person convicted in lieu of the sentence otherwise provided by law.

**"§ 1168. Temporary confinement of sex offenders**

"(a) To enable the court to procure such a psychiatric examination and to afford the Department of Welfare time in which to make the same, the court is hereby authorized and empowered to postpone sentence upon any person convicted of any one or more of the crimes enumerated in section one of this act, and to order the person so convicted to temporary confinement in the prison or jail in which such person was confined prior to his trial or would have been confined if not free on bail. Such period of temporary confinement shall not exceed a period of sixty (60) days unless the court, on the request of the psychiatric examiner, extends the observation period for an additional time not exceeding thirty (30) days. It shall be the duty of the Department of Welfare to make a psychiatric examination of the prisoner and report to the court thereon within the period allowed by the court.

"(b) If, for any reason, such examination is not made and a report thereon given to the court within such period of temporary confinement, the provisions of this act shall thereupon not be available to the court, and it shall sentence the prisoner to such sentence as provided by law; and the period of temporary confinement herein provided for shall be considered as a part of the sentence so imposed, whether it be for the purpose of determining the length of the sentence by the court or for the purpose of parole.

**"§ 1169. Psychiatric examination; order; place**

"Whenever a court shall desire the Department of Welfare to make a psychiatric examination of and a

report on a person convicted of any one or more of the crimes enumerated in section one of this act, it shall make an order to that effect; and it shall be the duty of the clerk of court to promptly notify the Department of Welfare of such order. The Department of Welfare shall thereupon make such a psychiatric examination of the person so convicted, either at a clinic, State hospital, or other State institution designated by the court, or at the place where such person is in temporary confinement, or it may request that he be brought to any clinic established by the Department of Welfare for such purposes, or State hospital, or other State institution. In the latter event, if agreeable to the court, it shall order the person so convicted to be taken in custody to such institution.

"§ 1170. *Arraignment and sentence; expenses of transportation and maintenance; place of confinement*

"(a) Whenever a court, after psychiatric examination of and report on a person convicted of any one or more of the crimes enumerated in section one of this act, shall be of the opinion that it would be to the best interests of justice to sentence such person under the provisions of this act, he shall cause such person to be arraigned before him and sentenced to such State institution as shall have been designated by the Department of Welfare in its report to the court. The cost of transporting such person to the State institution designated by the department and the cost of his maintenance therein shall be borne by the commonwealth and the several counties to the extent and in the manner provided by law.

"(b) The costs of maintenance of any person so convicted, while in temporary confinement as hereinbefore provided, and costs of transportation, shall be borne by the county,

and the cost of the psychiatric examination of and report on such person shall be borne by the Department of Welfare: Provided, That where the psychiatric examination is made by a psychiatrist designated by the court, the costs thereof shall be borne by the county.

"(c) The Department of Welfare, in its report to the court, is hereby authorized to designate a county jail, penitentiary, industrial school, or any other State institution, as the place of confinement of the person who is the subject of such report, if the court elects to sentence such person under the provisions of this act.

"§ 1171. *Department of Welfare to provide psychiatric and psychological services; clinics*

"It shall be the duty of the Department of Welfare, from funds appropriated to it, to provide psychiatric and psychological services to the courts, as provided in section four of this act, and to the Pennsylvania Board of Parole in the further examination, diagnosis and treatment of persons sentenced under the provisions of this act, during their confinement and parole as hereinafter provided for.

"The department may, in its discretion, establish one or more psychiatric clinics for the examination, diagnosis and treatment of persons convicted of any one or more of the crimes enumerated in section one of this act, when so ordered by a court or sentenced under the provisions hereof, or may use existing clinics or services for such work: Provided, That such clinics or services shall provide qualified personnel experienced in the field of psychiatry and psychology as it relates to crimes involving sexual perversion, maladjustment, or aberration.

"§ 1172. *Parole of sex offenders*

"Within three months after a person shall have been sentenced under the provisions of this act for an

indeterminate term having a minimum of one day and a maximum of his natural life, and at least every six months thereafter, the Pennsylvania Board of Parole shall cause to be brought before it, with respect to each such person, all reports, records and information concerning such person for the purpose of determining whether such person shall be paroled, as hereinafter provided, and it shall be the duty of the Board thereupon to make a ruling with respect to each such person, who shall be notified in writing of such ruling. Nothing in this section shall be construed to prohibit a person sentenced under the provisions of this act from making application for parole in the manner now provided by law.

"§ *1173.* *Exclusive control over parole of persons sentenced under act*

"The Pennsylvania Board of Parole is hereby granted exclusive control over the parole and reparole of persons sentenced under the provisions of this act, whether imprisoned in a county jail, penitentiary, or other State institution. The Board is hereby authorized and empowered to parole and reparole, and commit and recommit for violation of parole, any person sentenced under the provisions of this act, at such time and under such conditions as the interest of justice may dictate. In considering the parole or reparole or an application for parole of any person sentenced under the provisions of this act, the Board shall give serious consideration to the original report and subsequent reports of the psychiatric and psychological examination of the person so sentenced, the recommendations contained in such reports, and the view of the committing court.

"§ *1174.* *Powers and duties of Board of Parole generally*

"Except as otherwise provided in this act, the Pennsylvania Board of Parole shall have all the powers conferred and duties imposed upon it with respect to the parole of prisoners generally in the parole and supervision of persons sentenced under the provisions of this act."

The constitutionality of this state statute has been sustained by the Superior Court of the Commonwealth of Pennsylvania. Commonwealth ex rel. Gerchman v. Maroney, 203 Pa.Super. 293, 201 A. 2d 319 (1964), Allocaturs den. July 27. 1964.

## CIRCUMSTANCES OF CRIME

Petitioner stopped his motor vehicle at a corner where a young girl was standing and asked if she wanted to go for a ride. She replied that she was waiting for someone who was to take her to see about obtaining employment, to which he replied that he was that person. After she got into the car, he drove to a wooded section. When she refused to respond to his advances, petitioner hit her in the face, tore off her clothing and tied her naked form to a tree. He then bit her breasts and branded the letter "k" in one of her breasts with a piece of broken glass. Petitioner buried the girl's clothing, untied her and covered her with a sheet and drove her back to town and let her out of the car.

Petitioner was indicted for assault with intent to ravish, indecent assault, aggravated assault, and assault and battery, to which a plea of guilty was entered to the charge of assault with intent to ravish. The state tribunal invoked the procedures of the Barr-Walker Act by directing a psychiatric examination. The report indicated petitioner was not mentally ill but the state tribunal concluded that petitioner constituted a threat of bodily harm to the public if at large, and that it would be to the best interests of justice [1] to sentence him under the indeterminate term of the Act.

At the sentencing, petitioner was represented by counsel, was given the opportunity to speak on his own behalf and was accorded the right to have a psychiatrist testify in his behalf.

1. §§ 1166, 1170(a).

After a most thorough analysis of the oral argument, briefs of counsel, and of counsel for the American Civil Liberties Union, as amicus curiae, and the record as a whole, it is the considered judgment of the Court that the Barr-Walker Act is constitutional on its face and as applied to the petitioner.

## QUESTIONS PRESENTED

1. Is the Act unconstitutional on its face in that it violates the due process and equal protection clauses of the 14th Amendment?

The answer is "no."

2. Is the Act unconstitutionally vague?

The answer is "no."

3. Does the Act impose punishment and therefore violate the proscription against cruel and unusual punishment?

The answer is "no."

## DISCUSSION

1. The objects of the statute —the protection of the health, welfare and safety of the people of Pennsylvania, and the more efficient punishment, treatment and rehabilitation of certain sex deviates—lie well within the police power of the state. Where a state statute has a real and substantial relation to the aforesaid objectives and is not a patent invasion of individual constitutional rights, the Court may not strike down the Act. Jacobson v. Massachusetts, 197 U.S. 11, 31, 25 S.Ct. 358, 49 L.Ed. 643 (1905).

The state, in the exercise of its police powers, should not be constrained to ignore the experience which marks a class of offenders or family of offenses for special treatment. The results attained with conventional methods of penology and rehabilitation showed that a new approach was needed in order to rehabilitate said type of offenders and protect society.

This Act cannot be held to violate the equal protection clause of the Fourteenth Amendment to the federal Constitution. There is a rational basis for selection of the classes in that the classes are identified in terms that show the persons within the classes constitute a dangerous element in the community which the legislature may put under appropriate control. Minnesota ex rel. Pearson v. Probate Court of Ramsey County et. al., 309 U.S. 270, 60 S.Ct. 523, 84 L.Ed. 744 (1940).

It should be pointed out that the Act is not invoked every time that a person is convicted of one of the enumerated crimes (§ 1166). It is only invoked when a finding is made that a flat jail sentence for the crime would not, in effect, protect society or the offender.

Devious and unpredictable acts such as those for which petitioner was committed keynote the wisdom behind the Barr-Walker Act.

No legal basis exists to conclude that the Act is in conflict with the underlying philosophy of the due process clause of the Fourteenth Amendment of the Constitution based on the thesis that defendant is not given the right under the Act to examine the psychiatric report, learn of its contents or rebut any statements contained therein.

When the accused has plead guilty, the due process clause does not require the sentencing judge to make his decision based on the evidence produced in open court which the accused has the right to rebut. Williams v. New York, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1948).

Instead of the rigid requirements under the due process clause, a sentencing judge may, if the common law or statutes of a state permit, obtain pertinent information in order to follow the modern philosophy of penology, i. e., that the punishment fit the offender.

Similar pre-sentence procedures have been promulgated by the Supreme Court of the United States for use by federal judges to aid their determination of the kind and extent of punishment to be imposed within the limit fixed by law. Fed. R.Crim.P., 32(c); Hoover v. United States, 268 F.2d 787 (10th Cir., 1959).

The Barr-Walker Act gives Pennsylvania judges in certain situations this important discretionary power in the area of sentencing. Since the Act only applies to persons already convicted, the Act does not violate due process.

2. *Is the Act unconstitutionally vague?*

 The petitioner's claim that the Act is unconstitutional in that there is no ascertainable standard of guilt proscribed is without merit. Although the purposes of statutory specificity are to give due notice that an act has been made criminal before that act is committed and to inform the accused of the nature of the offense charged, Screws v. United States, 325 U.S. 91, 128, 65 S.Ct. 1031, 89 L.Ed. 1495 (1944), said Act does not create a new crime, but merely gives the sentencing judge an alternative once a person is convicted of one of the enumerated specific crimes and such leeway is not violative of due process. Williams v. New York, supra.

3. *Does the Act impose punishment for a condition and therefore violate the proscription against cruel and unusual punishment?*

If the instant Act authorized or imposed punishment for the condition of a person within Pennsylvania, it would violate the Fourteenth Amendment to the Constitution in that cruel and inhuman punishment could be inflicted. Robinson v. California, 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962).[2]

This statute is purely distinguishable and does not impose punishment for a condition within Pennsylvania, i. e., mental illness, or where the individual constituted a threat of bodily harm to the public if at large, but punishment is meted out only after conviction of an enumerated crime as an alternative to a flat jail sentence.

All other allegations set forth by petitioner are inapplicable.

An appropriate Order is entered.

2. A California statute made it a criminal offense for a person to be in the state who was a drug addict, regardless of whether the individual possessed or used drugs in the state.

ORDER

And now, this 24th day of November, 1964, for the reasons set forth in the foregoing Opinion, the petition for writ of habeas corpus of Carl G. Gerchman will be and hereby is refused.