448 P.2d 402

The STATE of Arizona, Appellee,

v.

George Jerry NELSON, Appellant.

No. 1741.

Supreme Court of Arizona.

In Banc.

Dec. 13, 1968.

Gary K. Nelson, Atty. Gen., Darrell F. Smith, Then Atty. Gen., by Carl Waag, Asst. Atty. Gen., for appellee.

McKesson, Renaud, Cook, Miller & Cordova, by Robert H. Renaud, Phoenix, for appellant.

McFARLAND, Chief Justice:

George Jerry Nelson, hereinafter designated as defendant, was charged by information with the crime of Forcible Rape in violation of A.R.S. § 13–611, subsec. A(2), as amended, to which he entered a plea of guilty. He was sentenced to serve not less than fifteen nor more than twenty-five years in the Arizona State Prison. From this sentence he appeals.

Defendant contends that the proper procedure was not followed in the hearing on the mitigation of sentence, and for this reason the sentence should be set aside. He requested a hearing before the court under Rule 336, 17 A.R.S. for the presentation of evidence for the mitigation of sentence. This request was granted. Defendant went to one Dr. Leo Rubinow, a psychiatrist, for consultations for which he paid, for the purpose of presenting evidence that might assist him in the mitigating of his sentence. Dr. Rubinow refused to make a report to defendant or defendant's counsel before the date of the hearing. Dr. Rubinow, however, did report to

the judge personally in chambers, and discussed defendant's mental condition and prospective rehabilitation with the court. During this conference the court asked Dr. Rubinow if defendant were a sociopath, and the doctor answered that in his opinion he was. The court then asked whether defendant would respond to treatment. Dr. Rubinow responded that the prognosis was very poor, and he could offer little hope for rehabilitation even after ten years of intensive treatment.

Counsel for defendant stated in court that he had been unable to get a conference with Dr. Rubinow before the hearing, and for this reason he called Dr. Tuchler, who consulted with defendant on two occasions, and reported that defendant stood a good chance of being rehabilitated if he were placed on strict probation.

Defendant contends that the court erred in not basing its sentence on the report of Dr. Tuchler. The questions presented by defendant were:

"1. Whether the Court erred in using information obtained by violating the psychiatrist/patient privilege in imposing sentence?

"2. Whether the Arizona sentencing procedure deprives the Appellant of liberty without due process of law."

This Court has not previously passed upon the procedure in conducting a hearing under Rule 336, Rules of Criminal Procedure, A.R.S.

The first question by defendant was the procedure which was followed by the court in allowing Dr. Rubinow, a psychiatrist who was employed by the defendant's counsel upon the suggestion of the court, and who—after a thorough examination of defendant—reported to the court in chambers without notice to or knowledge of the defendant. It is the contention of defendant that the court may have based all or part of the determination of his sentence upon this report, and that his counsel was deprived of any information concerning the examination by the psychiatrist, and that the results of his examination were privileged under A.R.S. § 13–1802, as amended, which reads in part:

"A person shall not be examined as a witness in the following cases:

\* \* \* \* \* \*

"2. An attorney, without consent of his client, as to any communication made by the client to him or his advice given thereon in the course of professional employment.

\* \* \* \* \* \*

"4. A physician or surgeon, without consent of his patient, as to any information acquired in attending the patient which was necessary to enable him to prescribe or act for the patient. As amended Laws 1961, Ch. 36, § 1."

█ This provision of the Code is certainly not applicable, as related by counsel in his brief, as the doctor was employed for the specific purpose of making a report to the court. We held in State v. Levice, 59 Ariz. 472, 478, 130 P.2d 53, 55:

"Under all the authorities to which our attention has been called, the court, in examining witnesses as to aggravating and mitigating circumstances of the offense to aid it in determining the penalty to be imposed, is not bound by the strict rules of evidence applying in trials, since such a proceeding is not a trial in the ordinary sense of the word, People v. Noll, 20 Cal. 164, but it may consider many matters not admissible on the issue of guilt or innocence. Toomer v. State, 112 Md. 285, 76 A. 118; People v. Williams, 14 Cal.2d 532, 95 P.2d 456. For instance, it may inquire into the commission of another offense, People v. Popescue, 345 Ill. 142, 177 N.E. 739, 77 A.L.R. 1199, and the moral character of the accused, State v. Wilson, 121 N.C. 650, 28 S.E. 416. It may consider affidavits to show aggravation of the offense, State v. Reeder, 79 S.C. 139, 60 S.E. 434, 14 Ann.Cas. 968, and the unsworn testimony of an officer that a photograph of defendant was in the rogues' gallery, People v. Mansi, 129 App.Div. 386, 113 N. Y.S. 866. \* \* \*"

This Court, in State v. Tatkenhorst, 103 Ariz. 156, 437 P.2d 948, in passing upon the question of the right of a defendant to file an affidavit of bias and prejudice after entering a plea of guilty and before a hearing under Rule 336, said:

"* * * It was evident that the procedure which defendant elected to follow was to enter his plea of guilty, and thereafter have a hearing at which the court would take testimony on facts which defendant felt would mitigate his sentence. This is just as important to defendant as any other procedure. He is entitled to a fair and and [sic] impartial court in making the determination as to whether he has shown facts sufficient to mitigate his sentence. His rights to a change of judge are the same after a plea of guilty as after a plea of not guilty. * * *"

▮ The court is not restricted to strict rules of evidence but the hearing must be fair and impartial. State v. Levice, supra. A defendant may well feel that he is legally guilty of a crime, but not morally guilty of a crime. For this reason he is willing to enter a plea of guilty to a charge, and rely on Rule 336 to present evidence of why he should be placed on probation or why a sentence should be mitigated.

In the case of State v. Quintana, 92 Ariz. 308, 376 P.2d 773, we said:

"[9] Sections 13–1642 and 13–1643, A.R.S., expressly give the trial court the autority to assume the role of both judge and jury to hear and determine the facts and circumstances surrounding the case in determining the penalty to be imposed, and in doing so it is not bound by the strict rules of evidence applying in trials, since such a proceeding is not a trial in the ordinary sense of the word, but it may consider many matters not admissible on the issue of guilt or innocence. State v. Levice, 59 Ariz. 472, 130 P.2d 53. * * *"

The principal question in the instant case is whether the report of Dr. Rubinow to the court in the absence of defendant and his counsel deprived defendant of this fair and impartial consideration to which he was entitled under the law. In determining this matter, we must look at the record. Dr. Tuchler had made a favorable report as far as rehabilitation of the defendant was concerned. While counsel stated in open court at the time of the hearing that he was unable to

"* * * get in touch with Dr. Rubinow. Thursday was a holy day for a man of Mr. Rubinow's faith. I called in the morning and was advised he was not available until later that afternoon. I still haven't heard from him. * * *"

The record also shows that counsel was not present in court at the time of the report of Dr. Rubinow to the court. However, the minute entries of the court show that the defendant was sentenced on the 19th day of September 1966, and that on October 3, 1966, the court entered the following order:

"IT IS ORDERED permitting Dr. Leo Rubinow to discuss all examinations and conversations pertaining to the defendant with defendant's counsel, Richard Steiner."

Defendant therefore had the opportunity of talking with the doctor. The record does not show this was not done. He would have made a motion for the court to set aside the sentence and grant a new hearing had he found new information or found that he had been deprived of any rights through the doctor's not testifying in open court. Defense counsel could have set them out in a motion for a new hearing. Furthermore, defendant did file an application for a certificate of probable cause in this Court, and the county attorney—in opposition to that motion—attached a copy of the report of the probation officer. In the report of the probation officer, much of the information that Dr. Rubinow had told the court in the presence of the officer is used as the basis for the findings and report. The report states that the doctor related that he had

been conducting a psychiatric evaluation of defendant, and that

"* * * he had been instructed by the person who originally made the appointment that the results of this examination were to go to the Court."

■ This shows that it was the understanding of the doctor that at the time he was contacted by counsel to make the examination his report was to go directly to the court. Counsel could have subpoenaed the doctor at the time of the hearing, but he chose to base his case solely upon the testimony of Dr. Tuchler. Since defendant did not subpoena the doctor, and made no request that he be brought into court at the hearing for cross-examination, and particularly in view of the fact that the doctor was employed by the defendant for the purpose of reporting to the court, we do not feel that the court abused its discretion in talking to Dr. Rubinow under the circumstances of this case.

■ The next point raised by defendant is that he was not given the right to examine the probation officer's report which he states contained information considered by the court in the imposition of sentence. It is the contention of defendant that he should have the opportunity to refute or otherwise explain any statements made in the report. The authorities are divided upon this subject. One line of cases would deny the right of a defendant to inspect such a report. Williams v. People of State of N. Y., 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337; Hoover v. United States, 10th Cir., 268 F.2d 787; People of the City of N. Y. v. Noble, D.C.Cir., 231 F.Supp. 188; United States ex rel. Gerchman v. Maroney, D.C.Cir., 235 F.Supp. 588. Another would grant the right to inspect them. State v. Gullette, 3 Conn.Cir. 153, 209 A.2d 529; State v. Harmon, 147 Conn. 125, 157 A.2d 594; Zeff v. Sanford, D.C.Cir., 31 F.Supp. 736. And there is a middle ground in which the court may give defendant's lawyer some facts concerning prior crimes, in order that he might have an opportunity to rebut or explain them.

See cases construing revised Rule 32(c) F.R.Crim.Proced.; United States v. Fischer, 2d Cir., 381 F.2d 509; Baker v. United States, 4th Cir., 388 F.2d 931. And see Judge Thomsen's article "Confidentiality of the Presentence Report: a Middle Position," 28 Fed. Probation 8 (1964). This would necessarily have to be a discretionary power of the court, and we feel it is the better rule.

In every case the probation officer interviews many witnesses in regard to the character of defendant. If the names of these witnesses are revealed, people would be reluctant to give information; however, if the information is such that the court, in its discretion, feels that defendant should have the right to rebut or explain it the information should be revealed.

■ In the instant case defendant complains about some of the statements in the probation officer's report—particularly one where a witness stated that she had been choked until she almost passed out when defendant raped her. Also, another which stated that she was really afraid for her life, and that he kept choking her, and stated "I want you to think about it as I kill you." These were, of course, cases from another state, but defendant does not claim that the statements of the witnesses to the probation officer were not correct. He also complains about innuendoes made by the probation officer. The court is able to judge the weight which should be given to a probation officer's report. Here, again, counsel for defendant had the opportunity of examining this report before writing his brief, and at no place does he state that he has evidence to contradict it, or that the facts related are untrue.

We therefore are of the opinion that the sentence being within the limits prescribed by statute the court did not abuse its discretion. State v. Quintana, supra.

Affirmed.

UDALL, V. C. J., and STRUCKMEYER, BERNSTEIN, and LOCKWOOD, JJ., concur.