475 P.2d 293

The STATE of Arizona, Appellee,

v.

Paul D. WILLIAMS, Appellant.

No. 2 CA–CR 218.

Court of Appeals of Arizona,
Division 2.

Oct. 13, 1970.

Rehearing Denied Nov. 12, 1970.
Review Denied Jan. 12, 1971.

**202**

Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., Phoenix for appellee.

Howard A. Kashman, Pima County Public Defender, by Fredric F. Kay, Deputy Public Defender, Tucson, for appellant.

KRUCKER, Judge.

Defendant, Paul D. Williams, was charged with the crime of aggravated assault in violation of A.R.S. § 13–245, as amended. He was subsequently tried, convicted and sentenced to a term of not less than four nor more than five years in the Arizona State Prison.

The facts are as follow. The victim of the assault, complainant Barbara Williams, had been twice married and divorced to the defendant. Defendant went to Barbara's place of employment, pushed her around, and struck her. He then went to her car and is alleged to have hit and choked her. He also threatened her with broken glass and threatened to kill her. She suffered cuts and bruises as a result.

An appeal was filed in this court raising several issues. However, following the filing of defendant's brief by counsel, defendant personally requested and received permission to file his own opening brief. The State responded to both. We take the several issues presented in both briefs. They are as follow:

1. Did the trial court err in admitting a photograph showing injuries to the complainant?

2. Did the trial court deprive appellant of a fair trial by curtailing his right of cross examination into complainant's bias, motive and background?

3. Was the sentence excessive and the result of abuse of the court's discretion?

4. Was defendant denied effective assistance of counsel?

5. Did the trial court err in not advising the jury that a prosecutor's opening statement is not evidence?

6. Did the trial court err in not releasing the probation report?

7. Was the complaining witness's testimony so misleading as to put doubt on her testimony?

8. Was defendant charged under a defective information?

Defendant contends that it was error to admit into evidence a photograph of the victim showing scratches and bruises as such photograph would be proof of battery instead of assault, thus making it proof of another crime and inadmissible.

We find no merit to this novel argument. To constitute an assault, it is not necessary that any actual injury be inflicted, but if an injury is inflicted, it may be considered in connection with other evidence in determining whether an assault was committed.

Defendant contends that cross examination of the complaining witness was improperly curtailed and the defense was not allowed to show bias, prejudice, or ill feeling that might have affected the credibility of the witness.

■ In particular, defendant sought to inquire into some prior violent arguments which had apparently taken place between the parties to establish the witness's bias against the defendant. The court denied counsel's inquiry. We believe the rule is properly set forth in 3 Wigmore, Evidence §§ 950–951; Cf. State v. Taylor, 9 Ariz. App. 290, 451 P.2d 648 (1969); State v. Cadena, 9 Ariz.App. 369, 452 P.2d 534 (1969). Cross examination as to details of quarrels between a witness and a defendant may be excluded at the trial court's discretion. This rule has three bases. First, the trial court can exclude the evidence when the mere fact of a quarrel alone is misleading and an inquiry into the details leads to coverage of extraneous and often confusing, multifarious issues. Or, it can be excluded when it would injure the reputation of the witness. And thirdly, it can be excluded if it would prejudice defendant.

Our courts have required admission when it bears directly on a crucial aspect of the case. *Cadena,* supra; *Taylor,* supra.

In the instant case, however, we are confronted with a dearth of information as to what occurred. The transcript shows the following interchange:

"Q. Barbara, you and Paul have been engaged, or have during your relationship, there have been several very violent arguments in the last —preceding this August 14th, several violent arguments preceding August 14th, is that correct?

THE COURT: Pardon; sustained. Immaterial.

MR. FELKER: Your Honor, I am trying to attempt to show—if he wants to approach the bench—

(Discussion between counsel and Court at the bench off the record.)"

Following this, there was a noon recess. When cross examination resumed, an entirely new line of questioning was pursued.

■■ It has been the rule of appellate review that the exclusion of impeaching evidence cannot be objected to on appeal where no objection was raised, or proper offer of the evidence for such purpose was made in the lower court. 4 C.J.S. Appeal and Error § 296. Our record does not show what was said, or if an offer of proof was made, and defense counsel preserved no specific objection in the record. At this point we therefore must refuse review. For all we know, the court may have believed the testimony as . to prior arguments might have highly prejudiced defendant's case. We, however, decline to so speculate.

■ The third question deals with the sentence of the court, which is claimed to be excessive, resulting in an abuse of discretion. The statutory sentence for aggravated assault is not less than one nor more than five years. A.R.S. § 13–245. We have no record as to the probation report or other factors taken into consideration by the learned trial judge. There is testimony that defendant's acts were serious and of an aggravated nature— striking with fists, choking, cutting, threatening to kill, etc., and the sentence being within the statutory limits, we find no abuse by the trial court.

■ Defendant claims he was denied effective assistance of counsel. In particular, he presents facts to which he would testify tending to show counsel failed to investigate defendant's case, failed to procure defense witnesses, failed to adequately cross examine prosecution witnesses, and generally misled defendant into a false sense of security as to his case's outcome.

We appreciate defendant's malcontent as to the outcome of his case, but we are unable, as an appellate court, to consider these *factual* issues in view of the state of the record. We therefore must reject defendant's contention. State v. Cufio, 12 Ariz.App. 461, 471 P.2d 763 (1970).

■ Defendant next contends the trial court erred in failing to instruct the jury that counsel's opening statements were not evidence. We point out to defendant that

although an instruction on this point was not given, the prosecutor, at the very beginning of the trial, admonished the jury as follows:

> "I want to caution you at this point that arguments of counsel as the Court has already told you, whether they be the opening statement or the closing arguments, are not evidence and shouldn't be considered by you as evidence. They are only comments to help you understand the testimony."

■ Next, defendant contends the trial court should have allowed defendant to see the probation report. The rule in Arizona has always been that access to a probation report lies within the discretion of the trial court. State v. Nelson, 104 Ariz. 52, 448 P.2d 402 (1968).

At the hearing on defendant's motion to modify his sentence, defendant's counsel indicated there was some information in the probation report which was a surprise, but he said:

> "The defendant has not had an opportunity and—I was not aware that another automobile was burned or as described, a cigarette was thrown in it. I didn't know about that until I was advised by the Probation Officer. Even if though those things were true I would submit to the Court that four to five years was excessive. I can see no benefit to either to the community or to the defendant in imposing the sentence on him of this length. Mr. Williams certainly will not be rehabilitated or trained for a trade. At this time he is a skilled worker. At this time he makes, he does make a living, supporting his family, and himself and he does make a contribution to the community."

■ The court indicated furthermore that the major factors it had considered in setting sentence had been defendant's actual prior conviction record and the nature of the crime for which defendant was charged. Defendant did not request a view of the probation report even at the mitigation hearing because he apparently

had knowledge of those facts he considered inaccurate. He did argue as to their impropriety. In light of these factors we believe all sides were sufficiently informed as to the court's beliefs as to sentencing and that no prejudice was done defendant if indeed he was denied access to the probation report.

■ Defendant contends his ex-wife's testimony was so misleading as to be of dubious value. We must disagree. Defendant himself admitted to certain things such as shoving her at a vat of hot grease. He admitted following her to her car and "wrestling" her a little. We believe in light of these admissions, any exaggerations or misleading testimony by the victim could be resolved by the jury.

■ Lastly, defendant contends he was charged under a defective information. We have reviewed it and find no defect.

Judgment affirmed.

HOWARD, C. J., and HATHAWAY, J., concur.