484 P.2d 7

**The STATE of Arizona, Appellee,**
**v.**
**Joe CELAYA, Appellant.**
**No. 2047.**

Supreme Court of Arizona,
In Banc.
April 26, 1971.

Gary K. Nelson, Atty. Gen., by Carl Waag, Former Asst. Atty. Gen., Phoenix, for appellee.

Norval W. Jasper, Tucson, for appellant.

CAMERON, Justice.

This is an appeal from a judgment after a plea of guilty for the unlawful sale of marijuana (§ 36–1002.07 A.R.S.).

We are called upon to determine:

1. whether the plea of guilty was knowingly, intelligently, and understandingly made;

2. whether the sentence was excessive and constituted cruel and unusual punishment, and

3. whether it was reversible error to refuse to grant defendant's request to examine the presentence report prior to sentencing.

The defendant-appellant, Joe Celaya, was informed against under Count I for the crime of unlawful sale of marijuana. § 36–1002.07 A.R.S., and under Count II for the crime of unlawful possession of marijuana, § 36–1002.05 A.R.S. The defendant pleaded "not guilty" to both counts at his 11 February 1969 arraignment. At the day set for trial, 27 March 1969, the defendant moved to withdraw his plea of not guilty, and he entered a plea of "guilty" as to Count I. Count II of the information was dismissed upon motion by the State. The defendant was sentenced to a term of not less than five and not more than seven years in the Arizona State Prison.

## WAS THE PLEA INTELLIGENTLY MADE?

First, defendant argues that the guilty plea proceeding violated the requirements of Boykin v. Alabama, 395 U.S. 238, 89 S. Ct. 1709, 23 L.Ed.2d 274 (1969), in that "* * * the record is absent any showing that his constitutional rights and the consequences of his plea were explained to him by the Court, * * *."

The rule in Arizona has always been that a plea of guilty must be voluntarily and understandingly made and without coercion, Benton v. United States, 352 F.2d 59 (9 Cir. 1965); State v. Olbekson, 7 Ariz.App. 474, 441 P.2d 71 (1968); State v. Murphy, 97 Ariz. 14, 396 P.2d 250 (1964); Silver v. State, 37 Ariz. 418, 295 P. 311 (1931). The United States Supreme Court in Boykin v. Alabama, supra, stated that the record must affirmatively show that the plea of guilty is intelligently and voluntarily made. Thus, the United States Supreme Court imposed additional requirements as to the method we could use in determining whether a guilty plea was intelligent, voluntary, and uncoerced.

The plea in this case occurred before the United States Supreme Court case of Boykin v. Alabama, supra, and we have held that Boykin is not to be applied retroactively in Arizona. State v. Griswold, 105 Ariz. 1, 457 P.2d 331 (1969).

We think the record shows that the defendant did voluntarily and intelligently enter his plea of guilty to the charge of unlawful sale of marijuana. The following examination took place when the defendant moved to change his plea to guilty:

"THE COURT: As I understand, gentlemen, the Defendant wishes to enter a change of plea at this time?

"MR. JASPER: (Atty. for Defendant) Yes, Your Honor, the Defendant wishes to change the plea from not guilty to guilty to Count 1 of the Information.

I may say, if the Court please, that I have discussed this matter at great length on two occasions with the Defendant, explained to him in detail all the relevant factors involved in the change of plea and the final decision has been that of the Defendant, and I would also like to say for the record that I have talked to his family about it and explained the situation to them so that they are familiar with the relevant factors.

\* \* \* \* \* \* \* \* \* \* \*

"MR. PATCHELL: (Deputy Cty. Attorney) At this time, Your Honor, in light of the changing of plea on the part of the Defendant as to Count 1, the State would move to dismiss Count 2 of the Information, the unlawful possession of marijuana.

"THE COURT: I see. Before the Court will rule on the motion to dismiss or accept the plea as to Count 1, unlawful sale of marijuana, the Court would direct a question to Mr. Celaya.

Mr. Celaya, are you entering a plea of guilty to the unlawful sale of marijuana freely and voluntarily?

"MR. CELAYA: Yes, sir.

"THE COURT: And you have heard your attorney, Mr. Jasper, notify the Court that he has gone over all these matters with you. Do you have any questions, is there anything in your mind that you don't understand relative to this plea?

"MR. CELAYA: No, I understand it.

"THE COURT: And are you, in fact, guilty of the unlawful sale of marijuana?

"MR. CELAYA: Yes, sir.

"THE COURT: And you enter this plea voluntarily and without any promises or any influence of any kind?

"MR. CELAYA: Yes.

"THE COURT: All right, let the record show the Court finds that the plea is a voluntary plea and that Mr. Celaya is, in fact, guilty of the charge of unlawful sale of marijuana."

As shown above, the trial court expressly inquired of the defendant whether his plea was freely and voluntarily given. Most importantly, we think that when a defendant has changed his plea from "not guilty" to "guilty" as a result of plea bargaining, and when his attorney testifies that on two occasions he has explained at great length and in great detail to the defendant all the relevant factors involved in the change of plea, then common sense dictates that an intelligent plea was given. See State v. McCallister, 107 Ariz. 143, 483 P.2d 558, filed 15 April 1971. Petitioner has made no claim that he was misled by his own attorney, by the prosecuting attorney, or by the court. We agree with the philosophy expressed in People v. Ferguson, 383 Mich. 645, 178 N.W.2d 490, 493 (1970):

"We do not agree that there was nothing in the record indicating the defendant was aware of the possible minimum and maximum sentences for the crime with which he was charged. The trial judge asked the defendant on the record, whether he had 'talked this over with your attorney.'

"While such an inquiry would hardly be regarded as exhaustive, it formed the basis upon which a reasonable person could conclude that the defendant had discussed with his counsel all questions of statutory law which were regarded by him as being relevant to his decision to plead guilty. The determination that the plea is understandingly made does not require the trial judge to intrude upon the rapport which the accused has with his counsel."

## WAS THE SENTENCE EXCESSIVE?

■ Secondly, defendant argues that his sentence of not less than five nor more than seven years was excessive and constituted cruel and unusual punishment. Defendant bases this on the fact that he was only 19 years of age, that he had no prior record of any involvement with drugs or narcotics, that the amount of marijuana involved was small, and on the belief that

his socio-economic background as a reservation Indian has resulted in his being of much less than normal intelligence.

The general rule is that the pronouncing of sentence is within the sound discretion of the trial court, and that the sentence will be upheld if it is within the statutory limits unless there has been a clear abuse of discretion. State v. Carpenter, 105 Ariz. 504, 467 P.2d 749 (1970); State v. Horton, 101 Ariz. 229, 418 P.2d 385 (1966); State v. Bradley, 99 Ariz. 328, 409 P.2d 35 (1965). § 36–1002.07, subsec. A, A.R.S. provides that such a crime " * * * shall be punished by imprisonment in the state prison from five years to life * * *." The sentence of not less than five nor more than seven years was within the statutory limits for a first offense conviction of the unlawful sale of marijuana

## MAY THE DEFENDANT SEE THE PRESENTENCE REPORT?

■ Thirdly, the defendant argues that it was error for the trial court to refuse to permit the defendant's attorney to examine the presentence report prior to the actual sentencing and that such refusal violated the rights of defendant and denied him equal protection of the laws. We discussed this problem in State v. Nelson and adopted the following rule:

"The next point raised by defendant is that he was not given the right to examine the probation officer's report which he states contained information considered by the court in the imposition of sentence. It is the contention of defendant that he should have the opportunity to refute or otherwise explain any statements made in the report. The authorities are divided upon this subject. One line of cases would deny the right of a defendant to inspect such a report. Williams v. People of State of N.Y., 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337; Hoover v. United States, 10th Cir., 268 F.2d 787; People of the City of N.Y. v. Noble, D.C.Cir., 231 F.Supp. 188; United States ex rel. Gerchman v. Maroney, D.

C.Cir., 235 F.Supp. 588. Another would grant the right to inspect them. State v. Gullette, 3 Conn.Cir. 153, 209 A.2d 529; State v. Harmon, 147 Conn. 125, 157 A.2d 594; Zeff v. Sanford, D.C.Cir., 31 F.Supp. 736. *And there is a middle ground in which the court may give defendant's lawyer some facts concerning prior crimes, in order that he might have an opportunity to rebut or explain them.* See cases construing revised Rule 32(c) F.R.Crim.Proced.; United States v. Fischer, 2nd Cir., 381 F.2d 509; Baker v. United States, 4th Cir., 388 F.2d 931. And see Judge Thomsen's article 'Confidentiality of the Presentence Report: a Middle Position', 28 Fed. Probation 8 (1964). This would necessarily have to be a discretionary power of the court, and we feel it is the better rule.

"In every case the probation officer interviews many witnesses in regard to the character of defendant. If the names of these witnesses are revealed, people would be reluctant to give information; however, if the information is such that the court, in its discretion, feels that defendant should have the right to rebut or explain it the information should be revealed." State v. Nelson, 104 Ariz. 52, 56, 448 P.2d 402, 406 (1968). (Emphasis added)

*Accord,* State v. Scanlon, 104 Ariz. 187, 450 P.2d 377 (1969); State v. Scott, 11 Ariz. App. 68, 461 P.2d 712 (1970); State v. Williams, 13 Ariz.App. 201, 475 P.2d 293 (1970).

Although there are cases to the contrary (see State v. Kunz, 55 N.J. 128, 259 A.2d 895 [1969] for a good discussion of the problem generally), in Arizona it is a matter of discretion as to whether to permit a defendant or his attorney to inspect a presentence report. The practice in the vast majority of federal courts has also been to leave the choice of disclosure or nondisclosure to the discretion of the trial judge. See Fed.R.Crim.P. 32(c); United States v. Warren, 432 F.2d 772 (5 Cir. 1970); United States v. Virga, 426 F.2d 1320 (2 Cir. 1970); United States v. Gross, 416 F.2d 1205 (8 Cir. 1969).

Judgment affirmed.

STRUCKMEYER, C. J., HAYS, V. C. J., and UDALL and LOCKWOOD, JJ., concur.