488 P.2d 1005

The STATE of Arizona, Appellee,

v.

William RAYBOULD, Appellant.

No. 2 CA–CR 261.

Court of Appeals of Arizona,
Division 2.

Oct. 1, 1971.

Rehearing Granted Nov. 3, 1971.

See 489 P.2d 1222.

Review Granted Jan. 4, 1972.

Gary K. Nelson, Atty. Gen., Phoenix, by Jerry C. Schmidt, Asst. Atty. Gen., Tucson, for appellee.

Richard A. Winkler, Douglas, for appellant.

KRUCKER, Chief Judge.

Appeal by William Raybould, defendant below, who entered a plea of guilty to a charge of possession of marijuana. The only question raised by this appeal is whether a sentence of not less than four years nor more than eight years is excessive, amounting to cruel and unusual punishment, or an abuse of discretion on the part of the trial judge.

The material facts are most simple. On April 5, 1971, the defendant was present in court for sentencing on his prior plea of guilty. He and his wife were sitting behind a prisoner, one Kenneth Davis, and it is alleged that the defendant was seen slipping something to Davis. A deputy sheriff noticed this and asked Davis what had been given to him. Davis produced a small chrome screw. After Davis was taken from the courtroom he was searched, and when his boot was removed, a cigarette fell to the floor. The deputy testified that he ran his own test on the cigarette and alleged that it was marijuana. The sentencing of Raybould was continued for one week and a full hearing was had prior to sentencing concerning the incident that occurred in the courtroom the week before. We have carefully read the transcript of this hearing. Defendant and his wife both deny giving anything to Davis except the screw. At the conclusion of the hearing, the sentence appealed from was pronounced.

The record discloses that the defendant had no prior criminal record; that he had a clear military record; and, that at the time of sentencing he was married to a 17-year-old girl who was pregnant.

We are faced with the question of whether this sentence was excessive and therefore an abuse of discretion by the trial judge.

Under the provisions of A.R.S. § 13–1717, subsec. B, this court is empowered to reduce the extent or duration of punishment if, in our opinion, the conviction is proper but the sentence is greater than should be imposed under the circumstances. This rule is well stated in State v. Gonzales, 106 Ariz. 303, 475 P.2d 485 (1970):

"* * * if a sentence is within the statutory limits of the offense, that the

sentence will be upheld unless the sentence under the circumstances is so clearly excessive as to be an abuse of discretion."

State v. Killian, 91 Ariz. 140, 370 P.2d 287 (1962), delineates factors to be considered in determining whether the sentence is excessive, including: the age of the defendant, past record, cooperation in entering a plea of guilty, and all other facts pertaining to the case.[1]

The trial court's wide discretion in sentencing is emphasized in State v. Benn, 101 Ariz. 252, 418 P.2d 589 (1966):

> "The trial court has wide discretion to sentence a defendant to a period between the statutory minimum and the statutory maximum and a sentence in conformity with the statute will be upheld unless there is clear evidence that the trial court has abused that discretion."

The amended information in the case before us charges possession of marijuana under A.R.S. § 36–1002.05. It will be noted that the legislature provides that for a first offense this crime *may* be treated as a misdemeanor. We believe that this is in keeping with current tendencies and thinking concerning offenses involving possession of marijuana.

This court has recently held that a sentence will not be disturbed where it is within statutory limits and no abuse of discretion will be presumed. State v. Witt, 13 Ariz.App. 148, 474 P.2d 867 (1970, burglary), and State v. Leuck, 13 Ariz.App. 260, 475 P.2d 745 (1970, marijuana).[2] We hold under these circumstances of this case at bar, where a sentence of from four to eight years has been imposed upon a young, married man with no prior criminal record and a clear military record, that under the reasoning of State v. Killian, supra, this sentence violates the legislative intent for a first offense. Under these particular circumstances, we hold that the sentence was too severe and that there was an abuse of discretion by the trial judge

By the authority vested in this court, the judgment and sentence of the trial judge is reduced to not less than one year nor more than two years, said sentence to run from January 15, 1971. In all other respects the judgment is affirmed.

HATHAWAY and HOWARD, JJ., concur.

---

1. It may be noted that it is the same trial judge in the case at bar who authored the opinion for the Supreme Court in State v. Killian, supra.

2. Vacated on other grounds, State v. Leuck, 107 Ariz. 49, 481 P.2d 842 (1971).