489 P.2d 1222

The STATE of Arizona, Appellee,

v.

William RAYBOULD, Appellant.

No. 2 CA–CR 261.

Court of Appeals of Arizona, Division 2.

Nov. 3, 1971.

As Amended on Denial of Rehearing Dec. 10, 1971.

Review Granted Jan. 4, 1972.

Gary K. Nelson, Atty. Gen., by Jerry C. Schmidt, Asst. Atty. Gen., Tucson, Richard J. Riley, Cochise County Atty., Bisbee, for appellee.

Richard A. Winkler, Douglas, for appellant.

PER CURIAM.

Appellee has filed a motion for a rehearing of our decision ordering reduction of appellant's sentence from the four to eight years in the Arizona State Prison imposed by the trial judge to a sentence of from one to two years in the Arizona State Prison. Our examination of the motion for rehearing has convinced us that the sentence should not be reduced and we have granted the motion.

 Although an appellate court has power under A.R.S. § 13-1717 to review the sentence imposed by the trial court, such review is meaningless if the court does not have before it the presentence report which the judge used in determining the sentence. The power of review of sentences cannot be intelligently exercised by this court by reading that meager part of the record which we usually have on the issue of excessiveness.

Appellee has on its motion for rehearing attached a copy of the presentence report of the probation officer which the trial judge used in his sentencing.[1] How does one make the presentence report a part of the record on appeal in the face of the case law that has been established in this state? In State v. Nelson, 104 Ariz. 52, 448 P.2d 402 (1968), our Supreme Court held that the divulging of the presentence report was within the *discretion* of the trial judge. This decision was followed in State v. Scanlon, 104 Ariz. 187, 450 P.2d 377 (1969); State v. Celaya, 107 Ariz. 175, 484 P.2d 7 (1971); State v. McIntyre, 107 Ariz. 515, 489 P.2d 1195, filed October 28, 1971); State v. Scott, 11 Ariz.App. 68, 461 P.2d 712 (1970) and State v. Williams, 13 Ariz.App. 201, 475 P.2d 293 (1970). We do not, however, view the foregoing cases as being determinative of the issues in the case at hand, since here we are not concerned with the right of the defense attorney to see the presentence report *prior* to the time of sentencing. Since the decision by this court allowing the presentence report to become a part of the record on appeal necessarily will result in a divulgence of information on the presentence report to defense attorney we deem it necessary at this time to discuss the rule of law set forth by our Supreme Court in State v. Nelson, supra.

 Although McKay v. Industrial Commission, 103 Ariz. 191, 438 P.2d 757 (1968), prevents us from overruling our own Supreme Court we feel compelled to express

---

1. We are considering the report on appeal although the appellate court does not look beyond the record on appeal, Day v. Wiswall's Estate, 93 Ariz. 400, 381 P.2d 217 (1963), because of the lack of any effective procedure to make the report part of the record.

our disagreement with the rule and reasoning set forth in the *Nelson* case. We do so not out of disrespect, but only in the hope that there may be further discussion and examination of the ruling in that case.

The arguments that we hear most frequently against granting access to presentence reports are: (1) Sources of information will dry up since they know defendant will be aware of their statements; (2) the parties supplying the information may be harmed either physically or otherwise and (3) if the defendant challenges some of the information in the presentence report the result will be another "trial" prior to sentencing.

Arguments for granting access most frequently advanced are: (1) Allowing defendant access enables him to clarify or refute data; (2) case work relationship will be strengthened and defendant can see that everyone is being above-board with him;[2] (3) it lessens the danger that the report will contain erroneous data which will result in an error in sentencing.

The court in State v. Nelson, supra, came to the conclusion that if the names of the witnesses the probation officer interviews are revealed to defendant the sources of information will dry up since the people will be reluctant to give information. We are most impressed by the arguments for *vis-à-vis* those against granting access. All legal decisions involve a balancing of conflicting interests. When balancing the arguments against granting access against the possibility that a man may end up in the Arizona State Prison because of erroneous information contained in a presentence report, we have no hesitancy in deciding which interest should prevail over the other. The interest of the defendant is paramount and outweighs the arguments against granting access. We note that in the juvenile court the pre-dispositional report of the juvenile probation officer, since the advent of Kent v. United States, 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966), has been made available to the defense attorney without any untoward events. Furthermore, we note that in the U. S. District Court in Tucson, all of the presentence report, except for the summary and recommendation of the probation officer, has been made available to the defense. The approved draft of the American Bar Association on Standards Relating to Sentencing Alternatives and Procedures, ¶ 4.4 provides as follows:

"(a) Fundamental fairness to the defendant requires that the substance of all derogatory information which adversely affects his interests and which has not otherwise been disclosed in open court should be called to the attention of the defendant, his attorney, and others who are acting on his behalf.

(b) This principle should be implemented by requiring that the sentencing court permit the defendant's attorney, or the defendant himself if he has no attorney, to inspect the report. The prosecution should also be shown the report if it is shown to the defense. In extraordinary cases, the court should be permitted to except from disclosure parts of the report which are not relevant to a proper sentence, diagnostic opinion which might seriously disrupt a program of rehabilitation, or sources of information which has been obtained on a promise of confidentiality. In all cases where parts of the report are not disclosed under such authority, the court should be required to state for the record the reasons for its action and to inform the defendant and his attorney that information has not been disclosed. The action of the court in excepting information from disclosure should be subject to appellate review."[3]

---

2. One of the first steps towards rehabilitation is defendant's knowledge that everyone is being honest and "above-board" with him.

3. Paragraph 85b of the Manual For Courts-Martial, United States (1969) requires that the staff judge advocate or legal officer submit a review of the case to

■ We cannot adequately review sentences without having available to us the presentence report. We, therefore, hold that when the defendant is appealing the judgment and sentence upon the grounds of excessiveness, upon the filing of the notice of appeal, either the state or the defendant may petition the trial court, in furtherance of the appeal, to place in the record all of the presentence report except for the summary and recommendations of the probation officer;[4] that the presentence report so placed in the record for the purposes of appellate review shall only be available to the *parties* and their counsel and shall not become a public record and that the trial court may except from disclosure facts of the report under the terms set forth in ¶ 4.4(b), supra.

■ Our examination of the presentence report in the case *sub judice* shows that contrary to the statements made by the appellant in his brief, he does have a criminal record, having been previously convicted of drawing on insufficient funds and petty theft. Although his brief states that he has a clean record in the army, the presentence report shows that this is not true and that he has 90 days "bad time" to do prior to the time that he can be discharged. The presentence report further discloses that the appellant furnished peyote to an undercover agent, had several "lids" of marijuana in his trailer, has used "acid" and that his character is a far cry from that which was represented to us by his counsel in his brief.

Considering the presentence report and the actions of appellant at the time of sen-

tencing, i. e. supplying a marijuana cigarette to a prisoner who was also being sentenced, we believe the trial court was well justified as to the length of sentence.

Judgment is affirmed.

the convening authority which is to act on the sentence and further provides that * * * "Matters outside the record may be included in the review to assist the convening authority in determining his action on the sentence. However, if an adverse matter from outside the record is included, the accused must be afforded an opportunity to rebut or explain the matter, unless he supplied the information himself or may be charged with knowledge that the information might be used against

him, as when it appears in the record of nonjudicial punishment."

4. We have excluded the summary and recommendation of the probation officer since we believe that disclosure of this part of the report to the defendant and his attorney might create an adverse affect on the defendant's attitude if he is placed on probation to be supervised by a probation officer who has recommended that he be sent to the Arizona State Prison.