498 P.2d 458

**STATE of Arizona, Appellee,**

v.

**William RAYBOULD, Appellant.**

**No. 2437–PR.**

Supreme Court of Arizona,
In Banc.

June 26, 1972.

Supplemental Order Sept. 15, 1972.

Gary K. Nelson, Atty. Gen., Phoenix, by Jerry C. Schmidt, Former Asst. Atty. Gen., Tucson, Richard J. Riley, Cochise County Atty., Bisbee, for appellee.

Richard A. Winkler, Douglas, for appellant.

HAYS, Chief Justice.

On March 29, 1971, as a result of a plea bargain, the defendant, William Raybould, plead guilty to an amended information charging possession of marihuana. April 19, 1971, the defendant was sentenced to the State Prison for not less than four nor more than eight years. He then brought an appeal to the Court of Appeals, urging only that the sentence was excessive and constituted cruel and unusual punishment. In its original opinion, the Court of Appeals held that the sentence was excessive but thereafter, on a motion for rehearing, reversed itself and upheld the original sentence. We accepted this matter on a petition for review. The decisions of the Court of Appeals in 15 Ariz.App. 368, 488 P.2d 1005, and in 15 Ariz.App. 520, 489 P.2d 1222, are vacated.

■ The reversal of its position by the Court of Appeals came about after the presentence report was made available to the Court by the state on its motion for rehearing. The defendant has never had an opportunity to test the validity of the statements contained in the presentence report. In light of the confusion apparent in the factual setting of the sentence, especially where appellate review is concerned, and in view of our recent ruling in State v. Pierce, 108 Ariz. 174, 494 P.2d 696 (1972), the sentence heretofore imposed is vacated. This cause is remanded to the trial court for resentencing, after the defendant is given an opportunity to examine the presentence report and, at a hearing, present evidence regarding any inaccuracies therein. The county attorney may also, at that hearing, present supporting testimony or other matters relevant to the sentence to be imposed. After the sentence is imposed, the defendant may file objections, if any, and the court shall return to the Supreme Court a transcript of any hearing held with regard to sentencing. The state may respond to the objections of the defendant.

■ In a document entitled, "Supplemental Points and Authorities to Motion for Rehearing," filed in the Supreme Court after review was granted, defense counsel attacks the constitutionality of the statute under which defendant was convicted, A.R. S. § 36–1002.05. Consent to the filing of this document was not given by the Supreme Court and the matter was not presented to the Court of Appeals. It would be wholly inappropriate therefore for us to consider this point.

Remanded for resentencing, with instructions.

CAMERON, V. C. J., and STRUCK-MEYER, LOCKWOOD, and HOLOHAN, JJ., concur.

Supplemental Order

Appellant and his counsel having appeared before the Superior Court of Cochise County and waived his right to resentencing as contained in our Opinion dated June 26, 1972, remanding for resentencing with instructions,

It is ordered affirming the judgment of conviction and sentence.