NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

CHASE MCKENNA FINCH, *Appellant*.

No. 1 CA-CR 23-0479

FILED 08-08-2024

Appeal from the Superior Court in Mohave County
No. S8015CR202300169
The Honorable Richard D. Lambert, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Ashley Torkelson Levine
*Counsel for Appellee*

Janelle A. McEachern, Chandler
*Counsel for Appellant*

**MEMORANDUM DECISION**

Judge James B. Morse Jr. delivered the decision of the Court, in which
Presiding Judge Brian Y. Furuya and Judge David D. Weinzweig joined.

**M O R S E**, Judge:

¶1 Chase McKenna Finch appeals her convictions and sentences for two counts of aggravated assault. For the following reasons, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2 Because Finch challenges the sufficiency of the evidence against her, we recite the facts in the light most favorable to sustaining her convictions. *See State v. Guerra*, 161 Ariz. 289, 293 (1989).

¶3 On February 9, 2023, Lake Havasu City police officers arrested Finch for an unrelated crime and one of the arresting officers ("Officer 1") transported her to the Lake Havasu City Jail. While a detention officer ("Officer 2") booked Finch into jail, she became "verbally combative," yelled at the officers, and refused to remove her jewelry. Officer 1 and Officer 2 then took Finch by her arms and moved her toward a jail cell. Finch flailed and swung her arms and "grabbed ahold" of Officer 2's shoulders. The officers unsuccessfully "pull[ed] and tugg[ed] at [Finch's] hand to get her away," and Officer 1 struck Finch in the face. Eventually, the officers pried Finch's "hand loose" from Officer 2's shoulder and closed the cell door. During the incident, Finch also struck Officer 2 "superficial[y] across [her] chest."

¶4 After the incident, Officer 2 found human blood on her uniform, while Officer 1 had a "raised welt on the outside of [her] left forearm" due to the incident.

¶5 The State charged Finch with three counts of aggravated assault. Count 1 and Count 2 were brought pursuant to A.R.S. § 13-1204(A)(8), and Count 3 was brought pursuant to A.R.S. § 13-1204(A)(10). At trial, Officer 1, Officer 2, another police officer present at the initial arrest, and Finch testified. The jury also viewed body camera footage of the incident. After the State rested, Finch sought a judgment of acquittal pursuant to Arizona Rule of Criminal Procedure ("Rule") 20(a)(1) on all counts. The court denied the Rule 20 motion on all counts, concluding that "the state [] provided substantial evidence to support a conviction." The jury acquitted Finch on Count 1 and convicted her on Counts 2 and 3. The court sentenced her to one year of intensive probation with 247 days' time served. Finch timely appealed the convictions, and we have jurisdiction under A.R.S. §§ 12-120.21(A)(1), 13-4031, and 13-4033(A)(1).

## DISCUSSION

¶6 Finch argues her convictions "were in error because they were not supported by substantial evidence." Specifically, she contends neither officer sustained a serious injury during the incident and there is no direct evidence that Finch contacted Officer 1. The State argues that Finch did not have to injure the officers to be convicted of aggravated assault but only had to "knowingly touch[] the officers with the intent to injure or provoke them" and sufficient evidence was presented to affirm the convictions.

¶7 Sufficiency of the evidence is a question of law we review de novo. *State v. West*, 226 Ariz. 559, 562, ¶ 15 (2011). In considering the sufficiency of the evidence, we view all facts in favor of the verdict and resolve all evidentiary conflicts against the defendant. *State v. Pena*, 235 Ariz. 277, 279, ¶ 5 (2014). "Substantial evidence is more than a mere scintilla and is such proof that reasonable persons could accept as adequate and sufficient to support a conclusion of defendant's guilt beyond a reasonable doubt." *State v. Ellison*, 213 Ariz. 116, 134, ¶ 65 (2006) (cleaned up). If reasonable people "could differ as to whether the evidence establishes a fact in issue, that evidence is substantial." *State v. Mincey*, 141 Ariz. 425, 432 (1984). Further, in conducting our review, we compare the evidence "against the statutorily required elements of the offense," *State v. Brock*, 248 Ariz. 583, 592, ¶ 22 (App. 2020) (quoting *State v. Pena*, 209 Ariz. 503, 505, ¶ 8 (App. 2005)), and do not "reweigh the evidence to decide if [we] would reach the same conclusions as the trier of fact," *State v. Barger*, 167 Ariz. 563, 568 (App. 1990). Substantial evidence may be direct or circumstantial. *Pena*, 209 Ariz. at 505, ¶ 7.

¶8 As relevant here, a person commits aggravated assault by assaulting another (1) "knowing or having reason to know that the victim" is a peace officer, or (2) while in custody and "knowing or having reason to know that the victim is acting in an official capacity as an employee" of a detention facility of a city or county. A.R.S. § 13-1204 (A)(8), (10). A person commits assault by "[k]nowingly touching another person with the intent to injure, insult or provoke such person." A.R.S. § 13-1203(A)(3).

¶9 Finch does not contend that she lacked the requisite knowledge that Officer 1 was a police officer and Officer 2 was a detention officer or that both acted in their official capacity during the incident.

¶10 As to the assault element, Finch contends that there were no physical injuries to the officers "other than [a] bump or bruise," and that there is "no evidence that Ms. Finch directly struck or pushed one of the

officers." This argument is unpersuasive. "Assault under § 13–1203(A)(3) does not require a resulting injury to the victim." *In re P.D.*, 216 Ariz. 336, 338, ¶ 13 (App. 2007). Instead, assault only requires that Finch touch the officers "with the intent to injure, insult or provoke" them. A.R.S. § 13-1203(A)(3). Whether the defendant had the requisite intent is a jury determination and "may be inferred from all the facts and circumstances disclosed by the evidence and need not be established by direct proof." *State v. Quatsling*, 24 Ariz. App. 105, 108 (1975) (citation omitted).

¶11         At trial, Officer 2 testified that Finch began "swinging her arms at us as if to strike us" and was "flai[ling] and swing[ing] and grab[bing] for [them]" before grabbing "ahold of [her] shoulder bands." Officer 2 also testified that she "most definitely" believed she was going to be hurt during the incident and was "struck superficially across [her] chest." Officer 1 testified that Finch "was flailing around" while they attempted to place her into the cell and that she suffered a "raised welt" on her forearm during the incident. Finch testified that she refused to go into the cell until the officers gave her "a reason for being" there and admitted to "screaming" at the officers and "flailing around." She also testified that she believed the body camera footage was "tampered-with" and she never grabbed ahold of Officer 2 or struck either officer. But the jury viewed the body camera footage from Officer 1 and could readily disbelieve Finch's testimony that the footage was tampered with. *See State v. Fimbres*, 222 Ariz. 293, 300, ¶ 21 (App. 2009) (deferring to the jury's assessment of a defendant's credibility and the weight to be given to the defendant's testimony). And in rejecting Finch's account, the jury "could consider [her] false denials as evidence of guilt." *State v. Crain*, 250 Ariz. 387, 400, ¶ 53 (App. 2021).

¶12         On this evidence, a reasonable jury could conclude that Finch touched Officer 2 with the intent to injure, insult, or provoke when Finch grabbed "ahold of [Officer 2's] shoulder bands" while "flailing" her arms and "yelling" about the arrest. *See State v. Lester*, 11 Ariz. App. 408, 410 (1970) ("Intent may be inferred from the acts of the accused and the circumstances of the assault."). As for the assault on Officer 1, based upon the evidence presented, a rational trier of fact could conclude that Finch caused Officer 1's welt and did so with the intent to injure, insult, or provoke the officer. *See State v. Williams*, 13 Ariz. App. 201, 202 (1970) ("To constitute an assault, it is not necessary that any actual injury be inflicted, but if an injury is inflicted, it may be considered in connection with other evidence in determining whether an assault was committed.").

¶13         Alternatively, based upon the video evidence and testimony, the jury could have also reasonably concluded that Finch either directly

contacted Officer 1 or set in motion another person or object to contact Officer 1 with the intent to injure, provoke, or insult. *See State v. Arredondo*, 155 Ariz. 314, 316 (1987) (noting that we will uphold a verdict unless it "clearly appear[s] that upon no hypothesis whatever is there sufficient evidence to support the conclusion reached by the jury"); *In re Jeremiah T.*, 212 Ariz. 30, 33, ¶ 6 (App. 2006) (noting that touching "does not require direct, person-to-person physical contact" and that it "is sufficient if the defendant sets in motion a force or process that produces some sort of contact with the victim"). Thus, Finch has failed to show that her convictions are not supported by sufficient evidence.

## CONCLUSION

**¶14** We affirm Finch's convictions and sentence.



AMY M. WOOD • Clerk of the Court
FILED:   AGFV